Submitted April 29, vacated and remanded for resentencing; otherwise affirmed June 23, petition for review denied October 7, 2010 (349 Or 172)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BJARNE A. LEWIS,
*Defendant-Appellant.*

Marion County Circuit Court
07C44684, 08C42585;
A139618 (Control), A139619

234 P3d 152

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

HASELTON, P. J.

### HASELTON, P. J.

Defendant was convicted of third-degree assault in two separate cases. ORS 163.165.[1] He appeals the judgment of conviction entered in each case. In his first two assignments of error on appeal, he contends that the trial court erred "in allowing defense counsel's motion to withdraw" and "in requiring [him] to proceed to trial without counsel." We reject those assignments of error without discussion. We write to address defendant's four remaining assignments of error concerning the trial court's orders that he pay the unitary assessment in each case before his release from incarceration. For the reasons that we will explain, we remand for resentencing.

The procedural facts are few. At sentencing, the trial court indicated that, with regard to each case, defendant was to pay a unitary assessment of $607. *See* ORS 137.290(1)(a) (providing for a unitary assessment of "$107 in the case of a felony"); ORS 137.290(2)(b) (providing that, "in addition to the amount in subsection (1)," a unitary assessment shall include "$500 if the crime of conviction is a crime found in ORS chapter 163"). Significantly, in its oral remarks at sentencing, the court did not identify the time by which the assessments must be paid or the source from which they were to be paid.

However, the money award in each judgment ordered that "defendant shall pay in full all financial obligations imposed herein at a rate to be set by the DOC/supervisory authority [b]efore release from incarceration and before active supervision ends." Finally, in one judgment, the court also ordered that defendant "[p]ay the balance of this money award immediately" and that the "[f]inancial obligations may be taken from inmate's DOC account while incarcerated." The other judgment mandated that defendant's financial obligations be taken from his DOC account.

We begin by determining whether defendant preserved the contentions that he raises on appeal. Generally,

---

[1] ORS 163.165 was amended in 2009. Or Laws 2009, ch 660, § 39; Or Laws 2009, ch 783, § 3. Those amendments do not apply in this case. Or Laws 2009, ch 660, §§ 12, 50; Or Laws 2009, ch 783, § 16(1).

"[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]" ORAP 5.45(1). However, defendant contends that, because "[t]he aspects of his sentence that are claimed as error on appeal * * * were not announced in open court but instead simply appear[ed] on the face of the judgment," he had no opportunity to preserve the contentions that he now raises. We agree that, under those circumstances, preservation was not required. *See Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue."); *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 182, 205 P3d 36 (2009) ("Until that order issued, mother had no way of knowing that the court would enter a judgment that did not comply with the statute. Indeed, it was not unreasonable for mother to assume that the court, in entering the written judgment, would make the findings necessary to support its oral ruling.").

As to the merits, defendant contends, in part, that "the trial court in this case had authority to impose the fines and had authority to require the fines' payment during defendant's period of incarceration, but only upon making a finding [pursuant to ORS 161.675(1)] that it failed to make." That statute provides, in part:

> "When a defendant, as a part of a sentence or as condition of probation or suspension of sentence, is required to pay a sum of money for any purpose, the court may order payment to be made immediately or within a specified period of time or in specified installments. *If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered.*"

(Emphasis added.) We agree with defendant.

Despite the fact that the judgments in this case clearly order that defendant immediately pay the monetary obligations during his incarceration, the trial court did not

make the express findings concerning defendant's ability to pay as required by ORS 161.675(1). Accordingly, we must vacate the sentences and remand for resentencing.

Vacated and remanded for resentencing; otherwise affirmed.