247 P.3d 1279 (2011)
240 Or. App. 813
STATE of Oregon, Plaintiff-Respondent,
v.
Michael Ray CLARK, Defendant-Appellant.
C053183CR; A144907.
Court of Appeals of Oregon.
Submitted January 7, 2011.
Decided February 16, 2011.
Bear Wilner-Nugent filed the brief for appellant.
John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.
Before ORTEGA, Presiding Judge, and ROSENBLUM, Judge, and SERCOMBE, Judge.
*1280 PER CURIAM.
Defendant was convicted of two counts of first-degree rape, ORS 163.375. He appealed the original judgment, which we affirmed without opinion. State v. Clark, 225 Or.App. 691, 202 P.3d 289 (2009). The Supreme Court allowed defendant's petition for review, vacated our decision, and remanded the case for reconsideration in light of State v. Parkins, 346 Or. 333, 211 P.3d 262 (2009). State v. Clark, 346 Or. 589, 214 P.3d 821 (2009). As a result, we granted the parties' subsequent joint motion to vacate the judgment of the trial court and remanded the case for resentencing because the trial court failed to merge the convictions for first-degree rape. On remand and pursuant to agreement of the parties, the trial court imposed judgment without conducting a resentencing proceeding on the record and merged the two counts of first-degree rape. The court imposed a statutory minimum sentence of 100 months' imprisonment, ORS 137.700, and a 20-year term of post-prison supervision (PPS).
Defendant contends on appeal that the trial court erred when it imposed a 20-year term of PPS that, when combined with his prison term, exceeds the maximum indeterminate sentence for defendant's crime. Defendant asserts that the law provides for the imposition of a term of PPS of 20 years, less time served. Further, he argues that he did not have an opportunity to preserve the claimed error because it appeared for the first time in a judgment that was signed and entered outside of a formal resentencing proceeding. We agree that preservation was not required under these circumstances. State v. Lewis, 236 Or.App. 49, 52, 234 P.3d 152 (2010) (concluding that preservation was not required when the aspects of a sentence claimed as error simply appeared on the face of the judgment, but were not announced in open court).
The state concedes that the trial court erred by not including in the judgment that the term of post-prison supervision would be reduced by the amount of time served. We agree with and accept the state's concession. ORS 161.605(1) provides that the maximum indeterminate sentence for first-degree rape is 20 years. ORS 144.103(1) provides that a person who has been convicted of first-degree rape shall serve a term of PPS equal to the maximum statutory indeterminate sentence, less time served in prison. OAR XXX-XXX-XXXX(4) requires the sentencing judge to "reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."