STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICOLAS BLAS MARTINEZ,
aka Carlos Castro-Morales,
*Defendant-Appellant.*

Clatsop County Circuit Court
14CR13938; A159836

388 P3d 433

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals the trial court's judgment of conviction, assigning error to the trial court's inclusion of a provision directing the clerk of court to schedule the payment of defendant's monetary obligations "pursuant to ORS 161.675."[1] Defendant was sentenced to 600 months in prison and lifetime post-prison supervision and was ordered to pay fines and restitution. On appeal, defendant asserts that, when, as here, a defendant is sentenced to a term of incarceration, the court may require payment of court-ordered monetary obligations only "if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered," ORS 161.675(1), and that "[t]he court made no such finding in this case[.]"[2] The state concedes that, "on this record, it appears that there is no statutory basis for imposing a schedule of payment for defendant's monetary obligations" and that "[t]he appropriate remedy is to remand the judgment to the circuit court for entry of a corrected judgment omitting the challenged provision." We agree and accept the state's concession.

---

[1] ORS 161.675 provides, in part:

"(1) When a defendant, as a part of a sentence or as condition of probation or suspension of sentence, is required to pay a sum of money for any purpose, the court may order payment to be made immediately or within a specified period of time or in specified installments. If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered.

"* * * * *

"(3) When a defendant is sentenced to probation or imposition or execution of sentence is suspended and the court requires as a part of the sentence or as a condition of the probation or suspension of sentence that the defendant pay a sum of money in installments, the court, or the court clerk or parole and probation officer if so ordered by the court, shall establish a schedule of payments to satisfy the obligation. A schedule of payments shall be reviewed by the court upon motion of the defendant at any time, so long as the obligation remains unsatisfied."

[2] Because the trial court did not announce that the clerk of the court would establish a payment schedule and, instead, the provision appeared for the first time on the face of the judgment, defendant did not have an opportunity to object. Thus, preservation was not required. *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (preservation is not a prerequisite to challenge an aspect of a sentence that was not announced in open court, but simply appeared in the judgment).

Reversed and remanded for entry of judgment omitting the provision directing the clerk of court to schedule the payment of defendant's monetary obligations; otherwise affirmed.