PER CURIAM
*748 Defendant was convicted of first-degree manslaughter and numerous other offenses. The trial court entered a judgment that, among other things, imposed a total of 200 months' imprisonment and $10,715 in fines and assessments. The judgment also included a term directing the clerk of the court to schedule "[p]ayment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award * * * pursuant to ORS 161.675."[1] Defendant assigns error to inclusion of that term. ORS 161.675(1) provides that, when a defendant has been "sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment" only if the court "expressly finds that the defendant has assets to pay all or part of the amounts ordered." State v. Lewis , 236 Or. App. 49, 52-53, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010). Here, the court did not make the required express finding.[2] The state concedes the error. We agree and reverse and remand for the court to enter a judgment omitting that term. See State v. Martinez , 282 Or. App. 917, 919, 388 P.3d 433 (2016) (reversing and remanding for entry of judgment omitting payment-schedule term).
October 31, 2016, judgment reversed and remanded for entry of judgment omitting term directing clerk to schedule payments; otherwise affirmed. Supplemental judgments *429 entered January 13, 2017, and January 18, 2017, affirmed.

Defendant appeals from the judgment entered October 31, 2016, and from a supplemental judgment and a later, amended supplemental judgment, both concerning restitution. Defendant does not challenge the supplemental judgments on appeal. Accordingly, we affirm those judgments.

The trial court did not announce or refer to a payment schedule at the sentencing hearing. Because the provision appeared for the first time in the judgment, defendant did not have an opportunity to object. Thus, preservation was not required. Lewis , 236 Or. App. at 52, 234 P.3d 152 (preservation not a prerequisite to challenge an aspect of a sentence that was not announced in open court, but simply appeared in the judgment).