JAMES, J.
*117 In this criminal appeal, defendant challenges a term in a judgment stating that "[p]ayment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675." According to defendant, because she was sentenced to a term of incarceration, that term in the judgment is unlawful. We do not read the judgment as imposing an unlawful monetary obligation while defendant is incarcerated, nor authorizing the imposition of a payment schedule upon her release and accordingly affirm.
The facts underlying defendant's conviction are not relevant for our analysis on appeal, and the procedural facts are uncontested *495 by the parties. Defendant pleaded guilty to one count of identity theft and the trial court dismissed the remaining count pursuant to negotiations. The trial court sentenced defendant to a departure sentence of 40 months of incarceration, pursuant to ORS 137.717, and imposed one year of post-prison supervision and $522 in restitution.
When the final judgment issued it contained wording that "[p]ayment of the fines, fees, assessments, and/ or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675." Defendant did not object to those terms appearing in the judgment because the matter did not arise during the sentencing hearing. The wording appears to have been added by the court, as a matter of routine, in the creation of the final judgment. Despite the lack of objection, the state does not dispute preservation, nor do we find the lack of objection an impediment to our review. See McCarthy v. Oregon Freeze Dry, Inc. , 327 Or. 84, 95 n. 6, 957 P.2d 1200 (1998) (noting that a party is not required to take action to preserve an issue that first arises when the appeals court issues its written order); see also State v. Martinez , 282 Or. App. 917, 918 n. 2, 388 P.3d 433 (2016) (noting that the defendant was excused from rule of preservation when improper sentencing term that the clerk should schedule defendant's payments was not announced in open court before appearing in the judgment);
*118 State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010) (same); State v. DeCamp , 158 Or. App. 238, 241, 973 P.2d 922 (1999) ("A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted.").
ORS 161.675 provides, in pertinent part:
"(1) When a defendant, as a part of a sentence or as condition of probation or suspension of sentence, is required to pay a sum of money for any purpose, the court may order payment to be made immediately or within a specified period of time or in specified installments. If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered.
"* * * * *
"(3) When a defendant is sentenced to probation or imposition or execution of sentence is suspended and the court requires as a part of the sentence or as a condition of the probation or suspension of sentence that the defendant pay a sum of money in installments, the court, or the court clerk or parole and probation officer if so ordered by the court, shall establish a schedule of payments to satisfy the obligation. A schedule of payments shall be reviewed by the court upon motion of the defendant at any time, so long as the obligation remains unsatisfied."
Defendant argues on appeal that, because the trial court imposed a sentence of incarceration and it did not expressly find that defendant had the assets to pay restitution, the trial court's judgment stating that "[p]ayment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675" was unlawful. Implicit in that argument are two assumptions: either (1) that the clerk of the court will impose a payment schedule while defendant is incarcerated or, alternatively, (2) that once defendant is released from incarceration the clerk will then impose a payment schedule on defendant. We do not read the judgment to order the clerk to do either.
*119 As to the first assumption, defendant has not argued on appeal that the clerk of the court has, in fact, imposed a payment schedule enforceable during the period of defendant's incarceration. Rather, we understand defendant's argument to be that, because the clerk might seek to enforce payment during defendant's incarceration, the judgment is unlawful on its face. However, contrary to defendant's assumption, the judgment provides that any action by the clerk of *496 the court shall be pursuant to ORS 161.675. That statute explicitly prohibits enforcement of sums payable during a period of incarceration without express findings by the court-findings that all parties agree are not present on this record.
As to the second assumption, that once defendant is released from incarceration the clerk might impose a payment schedule on defendant, again, ORS 161.675(3) clearly conditions the imposition of a payment schedule on a defendant being "sentenced to probation" or when "imposition or execution of sentence is suspended." Neither party disputes that neither of those two preconditions are present on this record. Again, however, the judgment provides that any action by the clerk of the court shall be pursuant to ORS 161.675.
When a judgment directs a clerk of the court to act pursuant to a statute, we assume the clerk will act in accordance with that statute. State ex rel. v. Tolls , 160 Or. 317, 332-34, 85 P.2d 366 (1938) (holding that a clerk has no discretion to disobey a judge's instructions because a clerk is the "arm of the court" and subject to the control of the court in the performance of his or her duties). Absent a showing that the clerk of the court is acting in a manner that does not conform to ORS 161.675, there is no error to correct on appeal.
We acknowledge that our treatment of this issue has been inconsistent. See, e.g. , State v. Pleasant , 294 Or. App. 299, 429 P.3d 435 (2018) (affirming without opinion); State v. White , 292 Or. App. 747, 748, 421 P.3d 428 (2018) (this court accepted the state's concession of error); Martinez , 282 Or. App. at 918, 388 P.3d 433 (this court accepted the state's concession of error). To the extent that our prior decisions have treated *120 wording in the judgment alone-without a record that the clerk is, in fact, seeking to enforce the monetary obligation in contravention of ORS 161.675 -as being reversible error, we disavow that reasoning.
Affirmed.