PER CURIAM
Defendant appeals from two judgments in this consolidated appeal. In Case No. 16CR16227, he appeals a judgment of conviction for three criminal counts. He raises a single assignment of error in that case, which we reject without written discussion. In Case No. 16CN04179, defendant appeals the judgment on 10 counts of punitive contempt. ORS 33.065. Defendant assigns error to the trial court entering "a judgment labelling contempt as a misdemeanor and stating that defendant was 'convicted.' "[1] In that case, we reverse and remand.
Contempt is not a crime, and it is error for a judgment to refer to findings of contempt as convictions or misdemeanors. State v. Clardy , 292 Or. App. 890, 891, 422 P.3d 434 (2018) (reversing and remanding judgment that reflected conviction rather than finding of contempt); State v. Campbell , 246 Or. App. 683, 684, 267 P.3d 205 (2011) (reversing and remanding judgment imposing misdemeanor conviction for contempt). The state "concedes that the trial court erred by entering a contempt judgment that referenced a 'convict[ion]' and included the notation 'MISDEMEANOR' at the top of each page." (Capitalization in original.) We agree and accept the state's concession. We reverse *784 and remand for entry of a judgment omitting those terms.
In Case No. 16CN04179, reversed and remanded for entry of a judgment finding defendant in contempt of court. In Case No. 16CR16227, affirmed.

Defendant was not required to preserve this claim of error because the terms appeared for the first time in the judgment. State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010) (holding that "preservation was not required" when the error appeared for the first time on the face of the judgment).