ORTEGA, P. J.
*292 Following a jury trial, defendant was convicted of one count of first-degree criminal mischief and one count of second-degree criminal mischief, sentenced to 20 months' incarceration, and ordered to pay $2,220.57 in restitution. We write to address defendant's fourth and fifth assignments of error, in which he challenges two terms in the judgment, and reject the remaining assignments without discussion.[1]
Beginning with his fifth assignment, defendant challenges a term in the judgment providing that "[p]ayment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675." Defendant argues that ORS 161.675(1) prohibits the court from enforcing the monetary portion of the judgment during defendant's incarceration, given that the trial court did not find that defendant had assets with which to pay. In State v. Foos , 295 Or. App. 116, 119-20, 433 P.3d 493 (2018), we previously held that, without some evidence that the clerk is seeking to enforce the judgment, that term is not invalid on its face because it directs the court to act pursuant to ORS 161.675(1), and we assume the clerk will act in accordance with that statute.
Attempting to distinguish Foos , defendant argues that, here, there is evidence that the clerk failed to comply with ORS 161.675(1) because the trial court register reflects that the clerk sought to obtain the monetary obligations during defendant's incarceration. We disagree with defendant's view of the record. Defendant was sentenced on August 1, 2017. The official register reflects two relevant entries made on August 9, 2017. One entry states, "Local Restitution Project-Remove from Collections," and further instructs that "[post-prison supervision]-needs payment plan." The second entry on that date shows defendant's *293 projected release date to be April 25, 2018.[2] An entry on *62 September 18, 2017, shows a "Judgment-Payment Schedule Assessment." On May 25, 2018, one month after defendant's projected release date, an entry shows that a letter was sent to defendant notifying him that his monetary obligations were delinquent. Thus, we find no support in the record for defendant's contention that the clerk attempted to collect the money owed while defendant was incarcerated. Rather, the fact that the letter of delinquency was sent one month after his projected release date does not support a logical inference that the clerk sought repayment while defendant was in custody. For that reason, this case is not distinguishable from, and is controlled by, Foos .
In his fourth assignment, defendant challenges the term in the judgment stating that the "court may increase the total amount owed by adding collection fees and other assessments *** without further notice to the defendant and without further court order." Defendant argues that, because ORS 161.675(1) prevents the court from enforcing the monetary obligation during defendant's incarceration, ORS 1.202(1) prohibits the court from imposing a collection fee, making that provision invalid. See ORS 1.202(1) (requiring the court to set a payment schedule if the court orders a fee to pay for the costs of collecting money owed by a defendant). Defendant's argument is premised on his contention that the clerk acted contrary to ORS 161.675(1) in seeking to enforce the monetary obligations in this case, an argument we have already rejected. Moreover, on its own, the term does not require the clerk to add a collection fee, nor does it direct the clerk to act contrary to any law or statute. Accordingly, we affirm.
Affirmed.

We agree with the parties that defendant's assignments of error four and five are not subject to the rules of preservation because the error appeared for the first time in the judgment. State v. Foos , 295 Or. App. 116, 117, 433 P.3d 493 (2018).

Although defendant was sentenced to 20 months of prison, he was made eligible for the reduction of his sentence pursuant to ORS 137.750 and based on the credit for the time he served in custody pending trial. The record indicates defendant spent a significant amount of time in custody pending trial.