PER CURIAM
*92 In this consolidated appeal, defendant appeals judgments in four criminal cases: Marion County Circuit Court Case Nos. 16CR54636, 16CR75574, 17CR30584, and 17CR29946. The cases were consolidated for sentencing below, and, with one exception, the trial court sentenced defendant in accordance with the parties' negotiated agreement, which included defendant's stipulations to the payment of court-appointed attorney fees in a specified amount for each case. Appellant raises six assignments of error on appeal. In his first four assignments of error, defendant contends that the court erred in ordering him to pay those attorney fees, raising a variety of arguments. With the single following exception, we reject those assignments and arguments without discussion. In his fourth assignment of error, defendant asserts, as an alternative basis for reversing the court's imposition of fees in Case No. 17CR29946, that the court erred in ordering him to pay $910 in attorney fees because defendant's plea petition in that case reflects that he agreed to pay $547 in fees and the court did not announce on the record in defendant's presence that it was imposing a different amount. The state concedes that the trial court erred in that regard; we agree, accept the state's concession, and reverse and remand for the court to correct that error.
Defendant's remaining two assignments of error apply to the judgments in Case Nos. 17CR29946 and 17CR30584. We reject defendant's fifth assignment of error for the same reasons that we rejected a similar contention in State v. Saunders , 298 Or. App. 291, 293, --- P.3d ---- (2019). Defendant's sixth assignment of error-that the trial court erred in including in the judgment an order directing the clerk to schedule payments of defendant's financial obligations pursuant to ORS 161.675 -is foreclosed by our decision in State v. Foos , 295 Or. App. 116, 117-18, 433 P.3d 493 (2018).
In Case No. 17CR29946, portion of judgment imposing attorney fees reversed and remanded; otherwise affirmed. In Case Nos. 16CR54636, 16CR75574, and 17CR30584, affirmed.