Submitted February 22, 2019, affirmed January 2, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEVON TROY LORD,
*Defendant-Appellant.*

Washington County Circuit Court
16CR34012, 16CR38893;
A165393 (Control), A165394

458 P3d 701

In this consolidated appeal, defendant appeals from two judgments of conviction. The trial court sentenced defendant to serve a term of incarceration and to pay $1,800 in fines, with $200 of the fines to be collected by the Department of Revenue. The judgments stated that the payment of defendant's fines should be scheduled by the clerk of the court "pursuant to ORS 161.675." Defendant raises two assignments of error, challenging the trial court's imposition of financial penalties. First, defendant argues that the trial court erred by directing the clerk of the court to schedule payments pursuant to ORS 161.675 without first finding that defendant had the ability to pay. Defendant contends that the judgment directed the clerk and the Department of Revenue to enforce collection of defendant's financial penalties during his term of incarceration, without making an ability-to-pay finding, in contravention of ORS 161.675(1). Second, defendant argues that the case register reflects that the clerk violated that same statute by imposing a $200 collection fee while defendant was incarcerated. Defendant requests a remand directing the trial court to enter judgments that omit the provision that directs the clerk to schedule payments pursuant to ORS 161.675. *Held*: Defendant's first argument was previously addressed in *State v. Foos*, 295 Or App 116, 119, 433 P3d 493 (2018), in which the Court of Appeals expressed an assumption that the clerk will schedule payments in accordance with the law. That same assumption extends to the Department of Revenue. Defendant's second argument was rejected in *State v. Saunders*, 298 Or App 291, 293, 447 P3d 60 (2019). Moreover, the record was not clear as to the nature of the $200 "transaction assessment" that defendant claimed was a collection fee, nor was it clear that the remedy that defendant sought would have addressed the claimed error.

Affirmed.

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the briefs for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

In this consolidated criminal appeal, defendant appeals from judgments of conviction in two cases. In two assignments of error, defendant asserts that the trial court erred in directing the clerk of the court to schedule payments for defendant's financial penalties while he is incarcerated.[1] Defendant seeks a reversal of his convictions or, short of such a reversal, modification of the judgments in both cases to omit the alleged unlawful orders regarding the payment of his fines. For the reasons below, we affirm.

Defendant was charged with nine counts in two cases (Case Nos. 16CR38893 and 16CR34012). At sentencing, the trial court imposed a term of incarceration, and in addition the court ordered defendant to pay a $200 fine for each count, for a total of $1,800. The judgment in Case No. 16CR38893 stated that "[p]ayment of the fines *** noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675."[2] The judgment in Case No. 16CR34012 contained an identical provision, and for the $200 fine for Count 1, the judgment also stated "$ to DOR." The parties agree that "DOR" indicates the Oregon Department of Revenue.

Defendant now appeals from those judgments, raising two assignments of error related to the trial court's imposition of financial penalties. Defendant first argues that the judgments directed the clerk and the Department of Revenue to enforce the collection of his financial penalties while defendant is incarcerated, in violation of ORS 161.675. Because the court did not make a finding regarding

---

[1] Defendant also asserts that the trial court erred when it consolidated his two cases for trial and denied his motion to sever the cases. We reject that assignment of error without further written discussion. In a supplemental brief, defendant also assigns error to (1) the trial court's instruction that the jury could return a nonunanimous verdict and (2) the court's acceptance of such a verdict. We also reject those assignments without further written discussion.

[2] Under ORS 161.675, a trial court can require an incarcerated defendant to begin payment immediately for financial obligations imposed in a sentence if the court makes a finding on the record that the defendant has the ability to pay. ORS 161.675(1) ("If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered.").

defendant's ability to pay, defendant argues that that direction was in violation of ORS 161.675(1). The state responds that, "because neither judgment requires defendant to pay monetary obligations while he is imprisoned, the record does not reflect" that the court required the clerk to set a payment schedule in contravention of ORS 161.675(1). On that argument, defendant contends that case registers for both cases indicate that the clerk imposed a $200 collection fee in each case, and that that imposition demonstrates that the clerk is, in fact, seeking to enforce the monetary obligation in contravention of ORS 161.675.

We recently addressed a similar argument to the one that defendant raises in regard to the clerk of the court. *See State v. Foos*, 295 Or App 116, 119, 433 P3d 493 (2018) (holding that there was no error in a judgment that directed the clerk of the court to schedule payment of the incarcerated defendant's financial obligations "pursuant to ORS 161.675"). There, we expressed that,

> "[w]hen a judgment directs a clerk of the court to act pursuant to a statute, we assume the clerk will act in accordance with that statute. Absent a showing that the clerk of the court is acting in a manner that does not conform to ORS 161.675, there is no error to correct on appeal."

295 Or App at 119 (citation omitted). That decision forecloses defendant's arguments regarding the clerk of the court. We extend the same assumption to the Department of Revenue. To the extent that the trial court assigned a portion of defendant's fines to the Department of Revenue by stating in the judgment "$ to DOR," we assume that the department will act in accordance with the statute in its effort to collect.[3]

We next address defendant's argument that the case register demonstrates that the clerk is contravening *Foos* and ORS 161.675(1) by imposing a $200 collection fee "presumably pursuant to ORS 137.118 and ORS 1.202(1)."[4]

---

[3] ORS 137.118(1) and (2)(a) provide that courts may assign collection of judgments in criminal actions that impose monetary obligations to the Department of Revenue.

[4] ORS 1.202(1) provides, in part, that

"[a]ll circuit courts and appellate courts of this state, and all commissions, departments and divisions in the judicial branch of state government,

Defendant requests that we remand for entry of judgment omitting the provision "[p]ayment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675."

We first note that the arguments raised by defendant appear to have been rejected by our recent decision in *State v. Saunders*, 298 Or App 291, 293, 447 P3d 60 (2019); *see also State v. Partain*, 298 Or App 492, 443 P3d 1183 (2019) (citing *Saunders* to reject an argument identical to that raised here). Additionally, there is nothing in the record that conclusively indicates that the generically titled "transaction assessment" is what defendant contends that it is: a $200 collection fee pursuant to ORS 1.202(1). Although that appears likely, we cannot resolve that question on this record on appeal. Moreover, it is not clear that the remedy that defendant seeks (removal of the above-mentioned provision in the judgment) would address any such error. As we explained in *Foos*, the provision in the judgment that defendant seeks to remove merely directs the clerk to act in a manner consistent with ORS 161.675, which includes the protection for incarcerated defendants in ORS 161.675(1) that renders sentences imposing financial obligations unenforceable during a defendant's term of incarceration unless the court has found that the defendant has the ability to pay.[5] Accordingly, we affirm.

Affirmed.

---

shall add a fee of not less than $50 and not more than $200 to any judgment that includes a monetary obligation that the court or judicial branch is charged with collecting. The fee shall cover the cost of establishing and administering an account for the debtor and shall be added without further notice to the debtor or further order of the court. The fee shall be added only if the court gives the defendant a period of time in which to pay the obligation after the financial obligation is imposed."

[5] To the extent that defendant believes that the clerk of the court acted in a manner inconsistent with the law by charging a collection fee, an appropriate recourse may be for defendant to raise that issue in the trial court, through a writ of mandamus, or otherwise. *See* ORS 161.675(3) ("A schedule of payments shall be reviewed by the court upon motion of the defendant at any time, so long as the obligation remains unsatisfied.").