Argued and submitted December 20, 2019, affirmed January 23, petition for review allowed in part May 28, 2020 (366 Or 490)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER ANTHONY CIRAULO,
*Defendant-Appellant.*

Douglas County Circuit Court
17CR72865, 18CR39718;
A168211 (Control), A168227

459 P3d 960

Kathleen E. Johnson, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Beth Andrews, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated criminal appeal, defendant appeals from two judgments of conviction (Case Nos. 17CR72865 and 18CR39718). Defendant raises five assignments of error. We write to address in summary terms only defendant's third and fourth assignments of error.[1] As we discuss below, we reject those assignments and, consequently, affirm the judgments.

In his third and fourth assignments, defendant assigns error to the trial court's inclusion of the following text in the judgments:

> "The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order.
>
> "* * * * *
>
> "Payment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675."

Defendant contends that ORS 161.675(1) and ORS 1.202(1) prohibited the court from adding those provisions to the judgments because the court did not find that defendant had the ability to pay the fines assessed in his cases. Defendant further contends that, after entry of the judgments, the clerk of the court imposed collection fees in violation of ORS 161.675(1).

Regarding defendant's legal argument challenging the text of the judgments, we rejected an identical argument in *State v. Saunders*, 298 Or App 291, 292-93, 447 P3d 60 (2019), and *State v. Lord*, 301 Or App 653, 657, 458 P3d 701 (2020). Regarding defendant's factual contention that the clerk has violated the law by adding collection fees post-judgment, we recently stated that, to the extent that

---

[1] We reject without further written discussion defendant's remaining assignments of error. This includes our rejection of defendant's fifth assignment of error, raised in supplemental briefing, that contends that the trial court erred in Case No. 17CR72865 when it instructed the jury that it could return a nonunanimous verdict.

defendant has evidence that the clerk is violating the law post-judgment, an appropriate course may be for defendant to challenge the clerk's actions in the trial court, through a writ of mandamus, or otherwise. *Lord*, 301 Or App at 657 n 5; *see also* ORS 1.025(3) (stating that, where a duty is imposed by law on a clerk or judicial officer, that duty "may be enforced by writ of mandamus"); ORS 161.675(3) (stating that "[a] schedule of payments shall be reviewed by the court upon motion of the defendant at any time, so long as the obligation remains unsatisfied"). We, therefore, reject defendant's third and fourth assignments of error.

Affirmed.