Submitted November 16, 2018; Portion of judgment requiring defendant to pay a $1,255 DUII fine vacated, remanded for resentencing, otherwise affirmed April 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DALE ANTHONY CUMPSTON,
*Defendant-Appellant.*

Coos County Circuit Court
16CR76160; A164797

461 P3d 1042

Richard L. Barron, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay a $1,255 DUII fine vacated; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII) and reckless driving. Among other terms, defendant was sentenced to 30 months' probation and a $1,255 fine on the DUII conviction. On appeal, defendant challenges certain special conditions of probation and $255 of the DUII fine, because those terms were not announced in open court. The state concedes that the court erred in imposing a DUII fine greater than the $1,000 fine announced in court. The state argues, however, that we should not reach the issue of the special conditions of probation, because the erroneous imposition of the fine requires a remand for resentencing and the trial court can address any error with regard to those conditions at that time.

We accept the state's concession and agree with the state that the correct disposition is to vacate the fine and remand for resentencing. *See State v. Tison*, 292 Or App 369, 374-75, 424 P3d 823, *rev den*, 363 Or 744 (2018) (error for court to impose DUII fine greater than announced at sentencing hearing; vacating fine and remanding for resentencing under *former* ORS 138.040 (2015), *repealed by* Or Laws 2017, ch 529, § 26, where the record was unclear if the trial court intended to waive the $255 fee).[1] As a result, we need not reach defendant's assignment of error to the special conditions of probation. *See State v. Coghill*, 298 Or App 818, 820, 448 P3d 1195 (2019) (stating that the defendant can address at resentencing the other sentencing terms the defendant contended were not announced in open court).

Portion of judgment requiring defendant to pay a $1,255 DUII fine vacated; remanded for resentencing; otherwise affirmed.

---

[1] *Former* ORS 138.040 (2015) was repealed in 2017 as part of a comprehensive restructuring of the laws governing criminal appeals. *See* Senate Bill (SB) 896 (2017); Or Laws 2017, ch 529, § 26. Because the judgment in this case was entered before January 1, 2018, the effective date of SB 896, the former statute applies.