Submitted December 10, 2019; portions of judgment imposing fines vacated, remanded for resentencing, otherwise affirmed May 28, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH MICHAEL FRICK,
*Defendant-Appellant.*

Washington County Circuit Court
18CR12071; A167797

467 P3d 77

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, reckless driving, and recklessly endangering another person. He contends that the trial court erred in imposing certain fines and special probation conditions in the judgment that were not announced in open court and, with respect to the probation conditions, that the record does not support their imposition in any event. He further challenges terms in the judgment authorizing the clerk of the court to schedule payments of his monetary obligations and the addition of collection fees. *Held*: As the state properly conceded, the trial court erred in imposing $455 in fines that were not announced in defendant's presence at sentencing. Because the case must be remanded for resentencing as a result, any error with respect to the special probation conditions may be addressed on remand. The judgment provisions authorizing the clerk of the court to schedule payments and impose collection fees did not violate ORS 161.675 or ORS 1.202; any contention that the clerk violated the law post-judgment must be directed to the circuit court.

Portions of judgment imposing fines vacated; remanded for resentencing; otherwise affirmed.

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

DeHOOG, P. J.

Portions of judgment imposing fines vacated; remanded for resentencing; otherwise affirmed.

**DeHOOG, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010 (Count 1), reckless driving, ORS 811.140 (Count 2), and recklessly endangering another person, ORS 163.195 (Count 3), raising 12 assignments of error. In part, he contends that the trial court erred in imposing certain fines and special probation conditions in the judgment without first announcing them in open court and, with respect to the probation conditions, that the record does not support their imposition in any event. He also argues that it was reversible error for the court to include orders "authorizing or directing the clerk to impose collection fees and schedule payments" where "the record shows that the clerk unlawfully enforced defendant's monetary obligations and imposed a collection fee while he was incarcerated." The state concedes one narrow point: that the trial court erred in imposing $455 in fines that were not announced at sentencing. We agree with and accept that concession. We also agree with the parties that the proper remedy for that error is to vacate the portions of the judgment imposing the fines and remand for resentencing. In turn, that disposition—resentencing—obviates the need for us to address defendant's challenges to the special probation conditions, because any error regarding those assignments can be addressed at resentencing. Finally, our recent case law forecloses defendant's arguments with respect to the payment schedule and collection of fees. Consequently, we vacate the portions of the judgment imposing the fines, remand for resentencing, and otherwise affirm.

The pertinent facts are not in dispute. Defendant was convicted, based on his guilty plea, of DUII, reckless driving, and recklessly endangering another person after he drove while he was intoxicated, got into a fist fight with his brother (who was a passenger in the car), and drove the car off the road. At the sentencing hearing, at which defendant was present, the court announced that it was imposing, as conditions of five years' formal probation, 180 days' jail time, a $2,000 fine, attendance at a victim's impact panel, alcohol treatment, and contact with the victim, his brother, only as allowed by his probation officer. The court later entered a written judgment imposing a $2,255 fine on Count 1 and

a $100 fine on each of Counts 2 and 3. The judgment also imposes several special probation conditions in addition to those described above and pronounced in open court. With respect to defendant's financial obligations, the judgment includes two provisions that are pertinent to this appeal. First, the judgment states:

> "The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order."

Second, it provides:

> "Payment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675."

On appeal, defendant first challenges the fines (or portions thereof) that were imposed in the judgment, but not pronounced in his presence at the sentencing hearing. Specifically, in his first three assignments of error on appeal, defendant contests the additional $255 on Count 1 and $100 each on Counts 2 and 3 that the court imposed in the judgment but did not order at the hearing. As previously noted, the state concedes that the court erred in that regard, and we agree. *See, e.g.*, *State v. Dennis*, 303 Or App 595, 596, 464 P3d 518 (2020) (stating that "[a] criminal defendant has a right to be present at sentencing" and holding that a trial court errs by imposing fines or fees in a written judgment that it did not pronounce at sentencing); *State v. Cumpston*, 303 Or App 479, 480, 461 P3d 1042 (2020) (holding that trial court erred in imposing fine greater than that announced at sentencing hearing); *State v. Toombs*, 302 Or App 173, 174, 460 P3d 533 (2020) (same). Accordingly, we accept the state's concession. And, as the parties recognize, that error requires us to vacate the portions of the judgment imposing the fines and remand for resentencing. ORS 138.257(4)(a)(B); *see also Toombs*, 302 Or App at 174 (so holding under similar circumstances).

In his fourth through tenth assignments of error, defendant challenges seven special conditions of probation in the judgment, asserting two bases for reversal: first, that

those conditions, like the fines discussed above, were not pronounced in his presence at the sentencing hearing; and, second, that the factual record does not support imposition of the conditions under ORS 137.540(2) (special conditions must be "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both"). The state responds that defendant's challenge to the special conditions is moot because the trial court has since imposed the same special conditions in a new judgment, which defendant did not appeal. *See State v. Nguyen*, 298 Or App 139, 140, 445 P3d 390 (2019).

However, given that defendant will be resentenced on remand, we need not address the issue at all. *See Cumpston*, 303 Or App at 480 (declining to address defendant's challenge to special conditions of probation where erroneous imposition of fine required remand for resentencing because trial court could address any error with regard to those conditions at that time). That is, although we recognized in *Nguyen* that, under the circumstances present there, reversing the defendant's conditions of probation would have no practical effect, we did not foreclose the possibility that the court would exercise its discretion to modify those conditions while the defendant remained on probation. Similarly, in this case, we leave it to the trial court to decide whether defendant's probation conditions should be modified upon resentencing.

In his final two assignments of error, defendant contends that the trial court "violated ORS 161.675 and ORS 1.202 when it authorized the clerk to enforce defendant's monetary obligations and the clerk did so while defendant was incarcerated."[1] (Boldface omitted.) As a result, in defendant's view, the judgment terms related to his monetary obligations, 304 Or App at 393, must be reversed. We disagree.

---

[1] Defendant also asserts that his argument regarding the imposition of judgment provisions outside his presence applies to these assignments of error as well. However, he does not explain why those terms are *sentencing* provisions; indeed, he makes no argument at all specific to that assertion. Accordingly, we do not address it further.

ORS 161.675(1) provides:

"When a defendant, as part of a sentence or as a condition of probation or suspension of sentence, is required to pay a sum of money for any purpose, the court may order payment to be made immediately or within a specified period of time or in specified installments. *If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered.*"

(Emphasis added.) ORS 1.202(1) requires the court to add a fee to any judgment that includes a money obligation that the court is charged with collecting and provides, in part, that the fee

"shall be added without further notice to the debtor or further order of the court. The fee shall be added only if the court gives the defendant a period of time in which to pay the obligation after the financial obligation is imposed."

According to defendant, because the court did not find that he had the assets to pay his monetary obligations, the court erred under ORS 161.675 by including in the judgment an order for the clerk to schedule payments. And, because the court could not impose a payment schedule, the court was also not authorized to impose collection fees under ORS 1.202(1).

Defendant's arguments are foreclosed by our recent case law. In *State v. Foos*, 295 Or App 116, 117, 433 P3d 493 (2018)—as in this case—the defendant challenged a provision in the judgment stating that "'[p]ayment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675.'" (Brackets in *Foos*.) She contended that the term was unlawful because she was sentenced to a term of incarceration and the court did not find, as required by ORS 161.675, that she had the assets to pay her financial obligations. *Id.* at 118. We rejected that argument, assuming—in the absence of a record demonstrating otherwise—that the clerk would follow the requirements of the statute. *Id.* at 119. Similarly, in *State v. Saunders*, 298 Or

App 291, 293, 447 P3d 60 (2019), we rejected a challenge to a judgment term allowing for the addition of collection fees "'without further notice to the defendant and without further court order'" applying essentially the same reasoning— that, "on its own, the term does not require the clerk to add a collection fee, nor does it direct the clerk to act contrary to any law or statute."

Defendant, however, argues that this case is distinguishable because, here, the case register includes an entry, "Judgment - Payment Schedule Assessment Amount: $200.00," on a date when he was still in jail. Thus, in defendant's view, he is entitled to reversal of the challenged judgment terms because, unlike in *Foos* (and *Saunders*), the factual record "shows that the clerk *is* unlawfully seeking to enforce the monetary obligation and unlawfully imposing a collection fee." (Emphasis added.)

We recently rejected an essentially identical argument in *State v. Ciraulo*, 301 Or App 849, 459 P3d 960 (2020), decided after this case was submitted on appeal. In *Ciraulo*, we made explicit what we had suggested in *State v. Lord*, 301 Or App 653, 458 P3d 701 (2020)—that, "to the extent that defendant has evidence that the clerk is violating the law post-judgment, an appropriate course may be for defendant to challenge the clerk's actions in the trial court, through a writ of mandamus, or otherwise." *Ciraulo*, 301 Or App at 850-51 (citing *Lord*, 301 Or App at 657 n 5; ORS 1.025(3) (where a duty is imposed by law on a clerk or judicial officer, that duty "may be enforced by writ of mandamus"); ORS 161.675(3) ("[a] schedule of payments shall be reviewed by the court upon motion of the defendant at any time, so long as the obligation remains unsatisfied")); *accord State v. Lobue*, 304 Or App 13, 22 n 5, 466 P3d 83 (2020) ("If, as defendant contends, the clerk has taken action inconsistent with ORS 161.675, that is a matter to be taken up in circuit court."). We adhere to that conclusion here.

Portions of judgment imposing fines vacated; remanded for resentencing; otherwise affirmed.