Argued and submitted August 18, decision of Court of Appeals and judgment of circuit court affirmed December 24, 2020

STATE OF OREGON,
*Respondent on Review,*

*v.*

PETER ANTHONY CIRAULO,
*Petitioner on Review.*

(CC 17CR72865, 18CR39718)
(CA A168211 (Control), A168227)
(SC S067569)

478 P3d 502

At defendant's trial, and over his objection, the jury was instructed that it could return nonunanimous guilty verdicts. The jury returned guilty verdicts on three counts, and a poll of the jury indicated that all three verdicts were unanimous. The Court of Appeals affirmed defendant's convictions. *Held*: (1) The record establishes that all of the jury's verdicts were unanimous; (2) under *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), the instructional error is harmless beyond a reasonable doubt as to the convictions based on unanimous verdicts.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

En Banc

On review from the Court of Appeals.*

Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs was Ernest G. Lannet, Chief Defender.

Christopher A. Perdue, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Scott Sell, Thomas, Coon, Newton & Frost, Portland, filed the brief for *amicus curiae* Street Roots.

_____
* On appeal from Douglas County Circuit Court, Kathleen E. Johnson, Judge. 301 Or App 849, 459 P3d 960 (2020).

Jonathan Zunkel-deCoursey, Schwabe, Williamson & Wyatt, P.C., Portland, filed the brief for *amicus curiae* Immigrant and Refugee Community Organization. Also on the brief was Jeanice Chieng, Immigrant and Refugee Community Organization, Portland.

Cody Hoesly, Larkins Vacura Kayser LLP, Portland, filed the brief for *amici curiae* NAACP Corvallis Branch #1118, NAACP Eugene-Springfield Branch, #1119, NAACP Portland Chapter 1120B, and NAACP Salem-Keizer Branch #1166.

Timothy Wright, Tonkon Torp LLP, Portland, filed the brief for *amicus curiae* Don't Shoot Portland. Also on the brief was J. Ashlee Albies, Albies & Stark, Portland.

Nathan R. Morales, Perkins Coie LLP, Portland, filed the brief for *amici curiae* The Coalition of Communities of Color and Latino Network. Also on the brief was Misha Isaak.

Aliza B. Kaplan filed the brief on behalf of *amicus curiae* Criminal Justice Reform Clinic at Lewis & Clark Law School. Also on the brief was Sarah Laidlaw.

DUNCAN, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**DUNCAN, J.**

In this case, we again address the application of the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that the Sixth Amendment requires a jury to be unanimous in order to convict a criminal defendant of a serious offense.

Defendant was charged with first-degree forgery, possession of a forged instrument, and third-degree theft. Defendant was tried before a 12-person jury, in a trial that occurred before the Supreme Court's decision in *Ramos*. Before trial, defendant requested that the jury be instructed that it needed to be unanimous in order to return a conviction. The trial court denied defendant's request, stating: "[U]ntil the Court of Appeals tells me otherwise, I'll continue to comply with the law that requires the ten-person verdict in felony cases." The jury was instructed that 10 votes were sufficient for a guilty verdict. After deliberation, the jury found defendant guilty of all three counts. The jury's verdict form listed each count, with the words "Not Guilty" and "Guilty" on the lines below each count. Below each of the three counts, a juror had written the number "0" next to the words "Not Guilty" and the number "12" next to the word "Guilty." After receiving the verdict form, the trial court asked the presiding juror whether the jury's decision had been unanimous, and the presiding juror confirmed that it had been. The trial court asked defendant whether there was any need to poll the jury further, and defense counsel responded that there was not.

Defendant appealed, assigning error to the nonunanimous jury instruction, along with some other issues not relevant on review. In a decision issued before the Supreme Court's decision in *Ramos*, the Court of Appeals affirmed defendant's convictions. *State v. Ciraulo*, 301 Or App 849, 459 P3d 960 (2020).

Defendant filed a petition for review which, after the Supreme Court decided *Ramos*, we allowed. Defendant argues that *Ramos* requires that all of his convictions be reversed. He first contends that the nonunanimous jury instruction was a structural error, which always requires

reversal. In the alternative, he argues that, even if the error is subject to a harmlessness analysis, the poll of the jury is insufficient to establish that the jury instruction was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (establishing the "harmless beyond a reasonable doubt" harmless error standard for federal constitutional violations).

The state argues that the instructional error is harmless with respect to all of defendant's convictions, because each of those convictions is based on a unanimous verdict.[1]

Our decision in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), also issued today, resolves nearly all of the questions in this case. In *Flores Ramos*, the defendant made identical arguments that the jury instruction permitting nonunanimous verdicts was structural error, that it could not be held harmless even if it were subject to a harmlessness analysis, and that the jury poll was insufficient to demonstrate that any of the jury's verdicts were, in fact, unanimous. In *Flores Ramos*, we held that instructing the jury that it could return a nonunanimous guilty verdict was not a structural error. 367 Or at 319. We also held that, where the jury poll revealed that the jury unanimously found the defendant guilty of the charged offense, the nonunanimous jury instruction could be held harmless beyond a reasonable doubt. *Id.* at 320. We also rejected the defendant's argument that a jury poll could not reliably show that the jury's verdict was unanimous. *Id.* at 324.

For the same reasons as in *Flores Ramos*, we reject defendant's identical arguments. However, defendant does, albeit cursorily, offer one additional argument: that the record does not demonstrate that the jury's verdict was

---

[1] One of defendant's convictions is for third-degree theft, a Class C misdemeanor punishable by a maximum of 30 days in jail. ORS 164.043(2); ORS 161.615(3). Neither party has addressed whether third-degree theft is a petty offense or whether any constitutional provision requires a jury verdict finding the defendant guilty of a petty offense to be unanimous. *See Lewis v. United States*, 518 US 322, 325-26, 116 S Ct 2163, 135 L Ed 2d 590 (1996) (holding that the Sixth Amendment's jury trial right does not apply to petty offenses). Because we would affirm defendant's third-degree theft conviction even if it were not a petty offense, we do not address those questions either.

unanimous, arguing that, "[a]t most, it shows that one juror thought that they were" and suggesting that the presiding juror may not have known what the word "unanimous" meant. We rejected a similar argument in *Flores Ramos*, stating that

> "we are skeptical that jurors would not understand the word 'unanimous' or that jurors, however polled, would not respond honestly. *See United States v. Poole*, 545 F3d 916, 921 (10th Cir 2008) (rejecting an argument that jurors would not have understood the trial court's use of the word 'nullity')."

367 Or at 324. This record contains multiple indications that the jury's verdicts were unanimous—including written notations that the jury reached 12-0 verdicts—and any other conclusion would be entirely speculative.

As a result, we conclude that, although the jury instruction permitting nonunanimous verdicts was erroneous, the error was harmless beyond a reasonable doubt as to all of the verdicts in this case.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.