Argued and submitted August 10, 2020, affirmed March 17, petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEMARCO HERBERT LEE STREETER,
aka Demarco Herbert Streeter,
aka Demarko Herbert Streeter,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR75318; A169205

483 P3d 687

Kelly Skye, Judge.

Kali Montague, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdict on one count of felon in possession of a firearm. On appeal, in three assignments of error, defendant claims that the trial court erred by (1) admitting a police interview of a witness under the recorded recollection exception to hearsay rules, (2) failing to inform the jury which of two firearms the state elected as the subject of the unlawful possession charge, and (3) providing jury instructions allowing nonunanimous verdicts. We reject without written discussion the first and second assignments of error.

In the third assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. After the United States Supreme Court ruled, in *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous jury verdicts for serious offenses violate the Sixth Amendment, the Oregon Supreme Court explained that nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdict was unanimous despite the nonunanimous instruction, such erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020). We therefore reject defendant's challenge to the nonunanimous jury instruction.

Affirmed.