Submitted September 29, 2020; remanded for resentencing, otherwise affirmed April 7; petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHERREE MONIQUE STREETER,
aka Sheree Monique Streeter,
aka Sherree Moni Streeter,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR83097; A170006

485 P3d 306

Kathleen M. Dailey, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdict on one count of felon in possession of a firearm and one count of unlawful possession of a firearm. On appeal, in two assignments, defendant claims the trial court erred by (1) imposing a sentence without a jury finding or admission as to a prior juvenile adjudication, and (2) instructing the jury that it could return nonunanimous verdicts. Because we conclude that the trial court erred by sentencing without an admission or factual finding by the jury, we remand for resentencing, but otherwise affirm.

In the first assignment, defendant argues that when used as an enhancement factor for sentencing, the existence of a prior juvenile adjudication must be either admitted by defendant or proved to the factfinder. For the reasons explained in *State v. Harris*, 339 Or 157, 118 P3d 236 (2005), we agree. Here, as the state concedes, neither scenario occurred. Absent this admission or determination of fact, it was erroneous to use defendant's prior juvenile adjudication to increase defendant's criminal history score to "C." *Id.* at 175; *see also State v. Carrera*, 307 Or App 387, 393, 477 P3d 458 (2020) (holding it erroneous to use a prior juvenile adjudication, without admission in the present case, to increase the defendant's criminal history score from "D" to "C"). Consequently, we remand for resentencing.

In the second assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court concluded that nonunanimous jury verdicts violated the Sixth Amendment. Thereafter, the Oregon Supreme Court held that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury returns unanimous verdicts despite the erroneous nonunanimous instruction, the Oregon Supreme Court has held that "the error was harmless beyond a reasonable doubt." *State v. Ciraulo,* 367

Or 350, 354, 478 P3d 502 (2020). We therefore reject defendant's second assignment of error.

Remanded for resentencing; otherwise affirmed.