Submitted November 8; in Case No. 16CR37168, convictions on Counts 2, 4, and 6, reversed and remanded, otherwise affirmed; in Case No. 17CR32899, convictions on Counts 1, 2, and 4 reversed and remanded, otherwise affirmed December 15, 2021; petition for review denied March 24, 2022 (369 Or 504)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALBERTO ZENDAJAS BAEZ, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
16CR37168, 17CR32899;
A167711 (Control), A167712

501 P3d 99

Donald D. Abar, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

In Case No. 16CR37168, convictions on Counts 2, 4, and 6, reversed and remanded; otherwise affirmed. In Case No. 17CR32899, convictions on Counts 1, 2, and 4 reversed and remanded; otherwise affirmed.

## PER CURIAM

In a consolidated criminal jury trial, defendant was convicted of 13 criminal counts arising out of several domestic violence incidents. The trial court, over defendant's objection, gave a nonunanimous-verdict instruction, and the jury returned six nonunanimous and seven unanimous guilty verdicts. On appeal, defendant raises five assignments of error, all but two we reject without written discussion. As explained below, we reverse and remand the six convictions based upon nonunanimous guilty verdicts and affirm the remaining convictions.

In Case No. 16CR37168, the jury's guilty verdicts were nonunanimous for Count 2 (fourth-degree assault constituting domestic violence), Count 4 (coercion constituting domestic violence), and Count 6 (strangulation constituting domestic violence). In Case No. 17CR32899, the jury returned nonunanimous guilty verdicts for Count 1 (second-degree assault constituting domestic violence), Count 2 (attempted second-degree assault constituting domestic violence), and Count 4 (second-degree assault constituting domestic violence). Defendant challenges those verdicts based on *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the state concedes that the Supreme Court's holding requires reversal of those convictions, and we accept that concession. Accordingly, we reverse and remand those counts.

Defendant further argues that his remaining convictions must also be reversed in light of *Ramos* because the instruction permitting a nonunanimous jury verdict constitutes structural error.[1] The Oregon Supreme Court has rejected defendant's structural error argument in *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Further, when the jury returns unanimous guilty verdicts, despite the erroneous instruction allowing nonunanimous guilty

---

[1] It is worth noting out of a sense of completeness that the Oregon Supreme Court has explained that a trial court must instruct the jury that specified nonunanimous not-guilty verdicts are permitted. *See State v. Ross*, 367 Or 560, 561, 481 P3d 1286 (2021) (concluding that a trial court is required "to instruct the jury that Oregon law requires a unanimous guilty verdict for all charges and permits a not-guilty verdict by a vote of 11 to one or 10 to two").

verdicts, such error is "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020).

In Case No. 16CR37168, convictions on Counts 2, 4, and 6, reversed and remanded; otherwise affirmed. In Case No. 17CR32899, convictions on Counts 1, 2, and 4 reversed and remanded; otherwise affirmed.