Argued and submitted August 18, decision of Court of Appeals and judgment of circuit court affirmed December 24, 2020

STATE OF OREGON,
*Respondent on Review,*

*v.*

ZACKERY JOSHUA CHORNEY-PHILLIPS,
*Petitioner on Review.*

(CC 17CR81310) (CA A167674) (SC S067557)

478 P3d 504

At defendant's trial, the jury was instructed that it could return nonunanimous guilty verdicts. Defendant did not object. The jury found defendant guilty, and, during a jury poll, all jurors agreed that it was their verdict. The Court of Appeals affirmed defendant's conviction. *Held*: (1) In light of *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), defendant's challenge came down to an argument that the jury poll did not show that the verdict was unanimous; (2) for reasons similar to those given in *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020), plain error review was inappropriate because defendant told the trial court that he was satisfied with the jury poll, impeding further development of the record.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

En Banc

On review from the Court of Appeals.*

Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs was Ernest G. Lannet, Chief Defender.

Christopher A. Perdue, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney, General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General.

Scott Sell, Thomas, Coon, Newton & Frost, Portland, filed the brief for *amicus curiae* Street Roots.

_____

* On appeal from Polk County Circuit Court, Norman R. Hill, Judge. 301 Or App 853, 455 P3d 1049 (2020).

Jonathan Zunkel-deCoursey, Schwabe, Williamson & Wyatt, P.C., Portland, filed the brief for *amicus curiae* Immigrant and Refugee Community Organization. Also on the brief was Jeanice Chieng, Immigrant and Refugee Community Organization, Portland.

Cody Hoesly, Larkins Vacura Kayser LLP, Portland, filed the brief for *amici curiae* NAACP Corvallis Branch #1118, NAACP Eugene-Springfield Branch, #1119, NAACP Portland Chapter 1120B, and NAACP Salem-Keizer Branch #1166.

Timothy Wright, Tonkon Torp LLP, Portland, filed the brief for *amicus curiae* Don't Shoot Portland. Also on the brief was J. Ashlee Albies, Albies & Stark, Portland.

Nathan R. Morales, Perkins Coie LLP, Portland, filed the brief for *amici curiae* The Coalition of Communities of Color and Latino Network. Also on the brief was Misha Isaak.

Aliza B. Kaplan filed the brief on behalf of *amicus curiae* Criminal Justice Reform Clinic at Lewis & Clark Law School. Also on the brief was Sarah Laidlaw.

FLYNN, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**FLYNN, J.**

In this case, we again address the application of the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that the Sixth Amendment requires a jury to be unanimous in order to convict a defendant of a serious offense.

Defendant was charged with first- and second-degree custodial interference and was found guilty on both counts by a 12-person jury. In the trial, which occurred before the Supreme Court's decision in *Ramos*, the court instructed the jury that "[t]en or more jurors must agree on your verdict," and defendant did not object to that jury instruction. After the jury returned its verdict, on a form that contains no indication of how individual jurors voted, the trial court polled the jury at defendant's request. The trial court first informed the jurors that it would call on them one at a time, by seat number and explained, "I just want you to let me know if this was your verdict." The court then called the juror seat numbers one at a time, and each juror responded, "Yes." After the twelfth juror responded, the court asked defense counsel if he was satisfied, and he responded that he was. For purposes of sentencing, the court merged the jury's two guilty verdicts into one conviction for first-degree custodial interference and then entered judgment accordingly.

Defendant appealed, assigning error to the non-unanimous jury instruction, as well as to other rulings that are not at issue on review. In a decision issued before the Supreme Court's decision in *Ramos*, the Court of Appeals affirmed defendant's conviction without opinion. *State v. Chorney-Phillips*, 301 Or App 853, 455 P3d 1049 (2020).

Defendant filed a petition for review, which this court allowed after the United States Supreme Court decided *Ramos*. Defendant argues that *Ramos* requires that his conviction be reversed. He first contends that the nonunanimous jury instruction was a structural error, which always requires reversal. In the alternative, he argues that the erroneous instruction requires reversal under the federal harmless error standard because the poll of the jury is insufficient

to establish that the jury instruction was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (establishing the "harmless beyond a reasonable doubt" harmless error standard for federal constitutional violations). Acknowledging that his assignment of error was unpreserved, defendant also argues that his challenge to the nonunanimous jury instruction qualifies for plain error review and that this court should reverse defendant's convictions regardless of whether he objected to the jury instruction in the trial court.

The state does not dispute that the instruction was given in error, but it argues that the error is harmless because each of defendant's convictions is based on a unanimous verdict. The state also argues that defendant's acceptance of the jury poll in the trial court prevents him from challenging the adequacy of the jury poll on appeal.

Nearly all of the questions that this case raises are resolved by our decision in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), also issued today. In *Flores Ramos*, the defendant made identical arguments that a jury instruction permitting nonunanimous verdicts was structural error, that the error could not be held harmless error even if it were subject to a harmlessness analysis, and that the jury poll was insufficient to demonstrate that any of the jury's verdicts were, in fact, unanimous. We rejected each of those arguments. First, *Flores Ramos* held that instructing the jury that it could return a nonunanimous guilty verdict is not a structural error. 367 Or at 319. Next, *Flores Ramos* held that, where the jury poll reveals that the jury unanimously found the defendant guilty of the charged offense, the nonunanimous jury instruction can be held harmless beyond a reasonable doubt. *Id.* at 320. Finally, *Flores Ramos* rejected the defendant's argument that a jury poll could not reliably show that the jury's verdict was unanimous. *Id.* at 324. As a result, we held that the instructional error was harmless as to the convictions that were clearly based on unanimous verdicts.

This case differs from *Flores Ramos* in two pertinent ways. First, in this case, defendant did not preserve an objection to the jury instruction that permitted nonunanimous

guilty verdicts. As a result, defendant's assignment of error is reviewable only for plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may, in its discretion, consider a plain error."). Second, though defendant's arguments are largely identical to those advanced in *Flores Ramos*, defendant also makes a narrower argument that the jury poll in this case was insufficient to show that the jury was, in fact, unanimous. Ultimately, we decline to reach that second argument.

Although the nonunanimous jury instruction given by the trial court may qualify as a plain error, we decline to exercise our discretion to review that error, for reasons similar to those given in our decision in *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020). In light of our decision in *Flores Ramos*, defendant's challenge to his conviction comes down to his argument that the jury poll was insufficient to demonstrate a unanimous verdict. But defendant told the trial court that he was satisfied with the jury poll. As a result, neither the state nor the trial court was alerted to the possible need to further develop the record, and "an important purpose of the preservation requirement was not served[.]" *Dilallo*, 367 Or at 347. Any "consequent uncertainty over whether the erroneous jury instruction affected the result of the trial is directly linked to defendant's failure to object." *Id.* at 348. Thus, addressing defendant's assignment of error, which now turns entirely on the sufficiency of the record to demonstrate jury unanimity, "would be contrary to the basic goal of 'procedural fairness to the parties and to the trial court' that motivates the preservation requirement." *Id.* at 348 (quoting *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008)).

For those reasons, we conclude that it is not appropriate to exercise our discretion to review defendant's unpreserved assignment of error as plain error. We therefore affirm defendant's conviction.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.