Submitted May 26, 2020; convictions on Counts 2 and 3 reversed and remanded for entry of judgment of conviction of one count of first-degree sexual abuse, convictions on Counts 5, 6, and 7 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse, remanded for resentencing, otherwise affirmed February 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE DAVID MENCHU,
aka Jose Sanchez-Sanchez,
*Defendant-Appellant.*

Washington County Circuit Court
18CR23927; A168990

480 P3d 319

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 2 and 3 reversed and remanded for entry of judgment of conviction of one count of first-degree sexual abuse; convictions on Counts 5, 6, and 7 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted on five counts of first-degree sexual abuse, ORS 163.427, 10 counts of third-degree sexual abuse, ORS 163.415, and one count of giving false information to a peace officer in connection with a warrant, ORS 162.385. He was acquitted of two other charges. On appeal from his judgment of conviction, he raises six assignments of error. We reject without discussion defendant's first assignment of error. And for the reasons set forth in *State v. Chorney-Phillips*, 367 Or 355, 478 P3d 504 (2020), we reject defendant's sixth assignment of error related to the court's nonunanimous jury instruction.

In defendant's second and third assignments of error, he argues that the trial court erred at the time of sentencing by failing to merge the guilty verdicts on Counts 2 and 3 and by failing to merge the guilty verdicts on Counts 5, 6, and 7. Defendant argues—and the state concedes—that Counts 2 and 3 constituted a single criminal episode and Counts 5, 6, and 7 constituted another single criminal episode and that there was an insufficient pause between the criminal violations within each criminal episode to support separate punishment for each of the violations. ORS 161.067(3). The state's concession is well taken and we accept it; the court erred in not merging the guilty verdicts on Counts 2 and 3 into a single conviction for first-degree sexual abuse and in not merging the guilty verdicts on Counts 5, 6, and 7 into a single conviction for first-degree sexual abuse. Because the case must be remanded for resentencing as a result, we need not address defendant's fourth and fifth assignments of error.

Convictions on Counts 2 and 3 reversed and remanded for entry of judgment of conviction of one count of first-degree sexual abuse; convictions on Counts 5, 6, and 7 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.