Submitted May 28, 2020, affirmed February 24, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARA ASHLEY JOHNSON,
*Defendant-Appellant.*

Washington County Circuit Court
17CR83701, 17CR30633;
A169537 (Control), A169538

482 P3d 186

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In one of these cases consolidated on appeal, defendant contests her convictions of identity theft, ORS 165.800 (Count 1); forgery in the first degree, ORS 165.013 (Count 2); and attempt to commit theft in the first degree, ORS 161.405(2)(d) (Count 3). In the other consolidated case, defendant was found to have violated probation based on her conviction for those crimes. On appeal, defendant claims that the trial court erred by (1) admitting secondary evidence of the forged check when the state did not exhaust available means of producing the original writing and (2) providing a jury instruction allowing nonunanimous verdicts. We reject the first assignment without discussion.

In the second assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. Subsequent to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdict was unanimous for each count notwithstanding the nonunanimous instruction, the Oregon Supreme Court has determined that the erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020). Because the erroneous instruction was rendered harmless by the unanimous verdicts, we decline to exercise our discretion to review defendant's unpreserved assignment of error. *State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020).

Affirmed.