Submitted October 27, 2020, affirmed March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN STEVEN YEAGER,
*Defendant-Appellant.*

Malheur County Circuit Court
18CR71616, 15CR1528;
A170090 (Control), A170091

482 P3d 207

Lung S. Hung, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this consolidated appeal, defendant appeals a conviction by jury verdict for menacing, ORS 163.190 (Count 4). As a result of that conviction, defendant was found in violation of his probation stemming from an earlier conviction for fourth-degree assault. Defendant was acquitted of first-degree robbery, second-degree robbery, and unlawful use of a weapon. A charge for felon in possession of a restricted weapon was dismissed by the state at the early stages of trial. On appeal, in the first assignment of error, defendant asserts the trial court erred by failing to declare a mistrial when the jury was informed of defendant's prior felony conviction during introductory jury instructions. We reject without written discussion that assignment of error.

In the second assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. Subsequent to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that nonunanimous jury instruction was not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Because, in this case, defendant did not preserve an objection to the nonunanimous jury instruction, his claimed error is reviewable only for plain error. *See State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020). Here, no jury poll was conducted, and we therefore decline to exercise our discretion to review the nonunanimous jury instructions for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness *** that motivates the preservation requirement").

Affirmed.