Submitted October 27, 2020, affirmed March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL LEROY CARL,
*Defendant-Appellant.*

Yamhill County Circuit Court
18CR31177; A170164

482 P3d 207

Ladd J. Wiles, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant was found guilty by jury verdict of one count of strangulation, in violation of ORS 163.187(4) (Count 2); assault in the fourth degree constituting domestic violence, ORS 163.160(3) (Count 3); harassment, ORS 166.065 (Count 5); criminal mischief in the second degree, ORS 164.354 (Count 6); and escape in the second degree, ORS 162.155 (Count 7). The state dismissed a charge of burglary in the first degree (Count 1), and the jury acquitted defendant on one count of criminal mischief in the second degree (Count 4).

On appeal, in the first assignment of error, defendant asserts that the trial court erred by failing to *sua sponte* enter a judgment of acquittal on Count 7. We reject that assignment without discussion.

In the second assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. Subsequent to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that nonunanimous jury instruction was not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdict is unanimous for each count notwithstanding the nonunanimous instruction, the Oregon Supreme Court has determined that the erroneous instruction is harmless beyond a reasonable doubt. *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020). Therefore, we reject defendant's second assignment of error.

Affirmed.