Submitted May 26, 2020, affirmed March 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MAURICE LADON VERNOR,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR41769; A168733

483 P3d 685

Lorenzo A. Mejia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was found guilty by jury verdict of one count of fourth-degree assault and one count of second-degree disorderly conduct. The jury was unanimous in its verdict for the assault count, a felony, but was not polled for the disorderly conduct count, a Class B misdemeanor. On appeal, in two assignments of error, defendant claims that the trial court erred by (1) failing to provide a jury-concurrence instruction, and (2) providing jury instructions allowing nonunanimous verdicts. We reject without written discussion the first assignment of error.

In the second assignment, defendant asserts the trial court plainly erred by instructing the jury that it could return nonunanimous verdicts and that the error requires reversal as structural. After the United States Supreme Court ruled against nonunanimous jury verdicts for serious offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that nonunanimous jury instruction was not a structural error that categorically required reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury returns a unanimous verdict despite the nonunanimous instruction, "the instructional error was harmless as to the unanimous verdict[]." *Id.* at 329; *see also State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020) (declining to exercise discretion to review as plain error an unpreserved nonunanimous instruction when the verdict was unanimous).

With respect to the disorderly conduct conviction, assuming, but not providing, that *Ramos* applies to Class B misdemeanors,[1] because in this case the issue was not preserved and no jury poll was conducted for that count, we

---

[1] In Oregon, Class B misdemeanors are punishable by a maximum of six months' imprisonment. ORS 161.615(2). In *Ramos*, the Supreme Court held that the right to jury verdict unanimity applies to all felony and serious offenses. 590 US at ___, 140 S Ct at 1397. Petty offenses, in contrast to serious offenses, are punishable by a maximum of six months imprisonment and do not carry the Sixth Amendment guarantee of jury trial. *U.S. v. Natchtigal*, 507 US 1, 4, 113 S Ct 1072, 122 L Ed 2d 374 (1993). It remains open, in Oregon, whether the jury unanimity requirement applies to charges without Sixth Amendment guarantees of jury trial.

decline to exercise our discretion to review as plain error for the reasons set out in *State v. Dilallo*, 367 Or 340, 348, 478 P3d 509 (2020). Therefore, we reject defendant's second assignment of error.

Affirmed.