Submitted August 20, 2020, affirmed March 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES DOUGLAS ROY,
*Defendant-Appellant.*

Washington County Circuit Court
17CR85013; A168162

482 P3d 810

Ricardo J. Menchaca, Judge.

Frances J. Gray filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the briefs for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdict on multiple felony and serious misdemeanor counts stemming from a Christmas Day 2017 armed confrontation of the ex-boyfriend of a friend's daughter. On appeal, in five total assignments of error, defendant claims that the trial court erred by (1) failing to merge the convictions for unlawful use of a firearm (Count 2) with felon in possession of a firearm (Count 7); (2) failing to *sua sponte* dismiss the case due to the use of a secret indictment; (3) allowing trial to proceed based on an "overbroad" indictment without a specific list of property alleged for the robbery charges; (4) prejudicing the jury at the outset of the trial by reading the felon-in-possession charge which alleged several prior felony convictions; and (5) providing jury instructions allowing nonunanimous verdicts. We reject without written discussion each assignment of error except for the assignment regarding the nonunanimous jury instruction, which we address below.

In his first additional supplemental assignment, defendant asserts that the trial court plainly erred by instructing the jury that it could return nonunanimous verdicts and that that error requires reversal as a structural error. After the United States Supreme Court ruled against nonunanimous jury verdicts for serious offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdicts were—as defendant concedes— unanimous despite the nonunanimous instruction, such erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020); *see also State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020) (declining to exercise discretion to review as plain error an unpreserved nonunanimous instruction when the verdict was unanimous). Therefore, we reject defendant's first additional supplemental assignment of error.

Affirmed.