Submitted August 10, 2020, affirmed March 17, petition for review denied August 26, 2021 (368 Or 514)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN GEOFFREY MYERS,
*Defendant-Appellant.*

Jackson County Circuit Court
15CR39050; A168810

483 P3d 688

Lisa C. Greif, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Sean Geoffrey Myers filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdict of multiple felonies and a misdemeanor stemming from a sexual assault of his estranged wife. On appeal, defendant claims that the trial court erred by denying the motions for judgment of acquittal for various counts, admitting evidence that should have been suppressed, and providing jury instructions allowing nonunanimous verdicts. Defendant also makes numerous *pro se* assignments of error related to admission of evidence from a mobile phone, misconduct by law enforcement officers and prosecutors, and insufficiency of the evidence to support a conviction. We reject without written discussion all of the assignments of error except that related to the nonunanimous jury instruction.

With respect to the nonunanimous jury instruction, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. After the United States Supreme Court ruled, in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous jury verdicts for serious offenses violate the Sixth Amendment, the Oregon Supreme Court explained that, although giving the nonunanimous jury instruction was error, it was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdict was unanimous despite the nonunanimous instruction, such erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020). Therefore, we reject defendant's arguments concerning the nonunanimous jury instruction.

Affirmed.