Submitted January 30, 2020; affirmed March 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GORDON WESLEY MEAD, JR.,
*Defendant-Appellant.*

Clackamas County Circuit Court
16CR34432; A167567

484 P3d 366

Defendant appeals a judgment of conviction for, among other crimes, four counts of first-degree sexual abuse, ORS 163.427. Defendant assigns error to the trial court's denial of his motions for judgment of acquittal (MJOA) on two of those counts, arguing that the evidence is sufficient to show only two—not four—instances where defendant touched the victim in a manner that constituted first-degree sexual abuse. The state argues that there is ample evidence in the record to support conviction on all four counts of first-degree sexual abuse. *Held*: The evidence—viewed in the light most favorable to the state—is sufficient to allow a rational trier of fact to find that defendant had touched the victim four times, each constituting a separate instance of first-degree sexual abuse under ORS 163.427; therefore, the trial court did not err in denying defendant's MJOA.

Affirmed.

Michael C. Wetzel, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

Defendant was found guilty by a unanimous jury verdict of first-degree rape (Counts 1 and 2), first-degree sexual abuse (Counts 3, 4, 5, and 6), and first-degree sodomy (Count 7), for abusing his granddaughter, M, when she was under the age of 12. Defendant appeals the resulting judgment of conviction, arguing that the trial court erred by denying his motions for judgment of acquittal (MJOA) on Counts 5 and 6. For the reasons that follow, we conclude that the trial court did not err in denying defendant's MJOA. We reject defendant's other assignments of error as noted below.[1] Accordingly, we affirm.

"In reviewing a trial court's denial of a motion for judgment of acquittal, the court considers whether any rational trier of fact, accepting reasonable inferences and making reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010). "In so doing, the court reviews the facts in the light most favorable to the state and draws all reasonable inferences in the state's favor." *Id.* In accordance with that standard, we state the following facts.

M is defendant's granddaughter. Between the ages of five and ten, M visited defendant's house about once a month and "frequently" spent the night there. During that period of time, defendant did things "of a sexual nature" to

---

[1] Defendant also contends that the trial court erred by giving the jury a nonunanimous jury instruction. Following the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 583 (2020), the Oregon Supreme Court explained that a nonunanimous jury instruction is not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). It also explained that where, as here, the jury poll reveals that the verdict was unanimous for each count in question, the erroneous instruction is "harmless beyond a reasonable doubt." *State v. Kincheloe*, 367 Or 335, 338, 478 P3d 507 (2020) (citing *Flores Ramos*, 367 Or at 320). In this case, the trial court's erroneous instruction was rendered harmless by the unanimous verdicts; therefore, we decline to exercise our discretion to review defendant's unpreserved assignment of error. *State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020).

Additionally, defendant contends that the trial court erred in imposing a 300-month sentence, pursuant to ORS 137.700 (2015), *amended by* Or Laws 2019, ch 635, § 10, for three offenses: first-degree rape, ORS 163.375 (Count 1); first-degree rape, ORS 163.375 (Count 2); and first-degree sodomy, ORS 163.405 (Count 7). We reject that contention without further discussion.

M. When M was 12 years old, she told her mother about those things. As a result, defendant was charged with, among other offenses, two counts of first-degree rape, ORS 163.375 (Counts 1 and 2); four counts of first-degree sexual abuse, ORS 163.427 (Counts 3, 4, 5, and 6); and one count of first-degree sodomy, ORS 163.405 (Count 7).

At defendant's trial, M testified that she was "[a]bout six or seven" the first time "it" happened. M was in the basement with defendant. M remembers a nearby TV was off, "but another time it was on." Defendant took off his pants and underwear and "had [M] touch his penis" with her hand, using a "rubbing" kind of touch. Defendant then had M take off all her clothes. M then laid on a couch, where defendant "licked [M's] vagina." While M was still lying on the couch, defendant "got on top of [M]," and she felt defendant's penis "on the outside" of her vagina, "probably on *** the clitoris." Defendant was moving "back and forth," and M "could feel his stomach on" hers. The incident was interrupted because "someone was coming home at the time," so M and defendant "got dressed immediately."

After M testified, the state played a DVD recording of M's forensic interview with CARES, a child abuse assessment center. M was 12 years old at the time of that interview. M explained that "it" had been "going on for *** a while," and that "any time [she] went over there for, like, a couple months, it would happen." The CARES interviewer specifically asked M what she remembered about the last time it happened. M responded that "the thing about the last time [is] *** he was having sex with me." By "sex," M clarified that she meant "where the male genitalia goes inside the female genitalia." M further clarified that by "male genitalia" she meant "penis," and by "girl's genitalia" she meant "vagina."

M explained that the last time took place "down in the basement." M recalled that the TV was on this time. M described that her "clothes were all the way off," and that defendant "pulled his pants and underwear down." While defendant sat on a couch and M knelt on the ground, defendant "grabbed" M's hand and had her rub his genitalia. M also recalled that defendant got "on top of me," and "he moved

up and down." M "was crying" and "told [defendant] to stop," and that "it's not right." Defendant said "Okay. Don't tell anyone because I'll get in trouble." Defendant also told M to "[j]ust forget about it." Defendant "just got off" of M, but M's "vagina felt weird," like it "tingles." Afterward, M and defendant "just watched TV." M told the CARES interviewer she believed that sex had happened "more than once."

Defendant moved for judgment of acquittal on Counts 3, 4, 5, and 6, asserting that the evidence established only two—not four—instances of touching constituting sexual abuse under ORS 163.427. The state responded that defendant had touched M in two ways—hand to penis and vagina to penis—and that both ways of touching had occurred in each of two separate incidents: first in the incident M described in her live testimony and again in the incident M described in her CARES interview. After reviewing the CARES interview, the trial court determined that the state's "argument is compelling" and denied defendant's MJOA as to counts 3, 4, 5, and 6.

On appeal, defendant contends that the trial court erred when it denied defendant's MJOA on Counts 5 and 6, because the evidence is sufficient to show only two—not four—instances where defendant touched M in a manner that constituted first-degree sexual abuse under ORS 163.427. In response, the state argues that "there was ample evidence to support all four convictions," and that the evidence adduced at trial shows that "defendant forced M to touch his penis on more than one occasion and that he touched her vagina with his penis on at least two occasions."

For the reasons that follow, we conclude that the facts—viewed in the light most favorable to the state— would allow a rational trier of fact to find that defendant had touched M four times, each constituting a separate instance of first-degree sexual abuse under ORS 163.427.

Under ORS 163.427(1)(a)(A), a person commits first-degree sexual abuse if the person subjects a victim under 14 years of age to sexual contact. "Sexual contact" means "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate

parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6).

Here, M was under 14 years of age during the events in question. At trial, M testified that, the first time "it" happened, defendant had her "touch his penis" with her hand, using a "rubbing" kind of touch (hand to penis contact), after which defendant "got on top of" M and she felt defendant's penis "on the outside" of her vagina, "probably on *** the clitoris" (vagina to penis contact). The TV was off, and the incident was interrupted when someone else came home. That evidence is sufficient for a rational trier of fact to find two instances of sexual contact constituting first-degree sexual abuse: one hand to penis contact and one vagina to penis contact.

Additionally, in her CARES interview, M described that, the last time "it" happened, defendant "grabbed" M's hand and had her rub his genitalia (hand to penis contact), and that defendant "was having sex with" her (vagina to penis contact). The TV was on, and the incident ended when M cried and "told [defendant] to stop," and that "it's not right." Defendant stopped, told M not to "tell anyone because I'll get in trouble," and then M and defendant "just watched TV." That evidence is sufficient for a rational trier of fact to find two separate and additional instances of sexual contact constituting first-degree sexual abuse: a second hand to penis contact and a second vagina to penis contact.

In light of the foregoing, a rational trier of fact could find that defendant touched M in four instances, each of which constituted first-degree sexual abuse under ORS 163.427. We therefore conclude that the trial court did not err when it denied defendant's MJOA with respect to Counts 5 and 6. Accordingly, we affirm.

Affirmed.