Submitted August 10, 2020, affirmed March 17, petition for review denied July 15, 2021 (368 Or 402)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY LYNN BELGARDE, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
18CR10653; A169632

483 P3d 688

Donald D. Abar, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdict on one count of felon in possession of a firearm and one count of unlawful possession of a firearm. On appeal, in two assignments of error, defendant claims that the trial court (1) erred by denying a motion for judgment of acquittal, and (2) plainly erred by providing jury instructions allowing nonunanimous verdicts. We reject without written discussion the first assignment of error.

In the second assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. Subsequent to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdicts were unanimous despite the nonunanimous instruction, such erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020); *see also State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020) (declining to exercise discretion to review as plain error an unpreserved nonunanimous instruction when the verdict was unanimous). Therefore, we reject defendant's second assignment of error.

Affirmed.