Submitted May 28, 2020, affirmed March 24, petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NAZARIE VASILICH CAM,
aka Nazari Vasilich Cam,
*Defendant-Appellant.*

Marion County Circuit Court
18CR02449; A169419

483 P3d 1219

Donald D. Abar, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Nazarie Vasilich Cam filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdict on one count of felony driving under the influence of intoxicants (DUII), ORS 813.010 and ORS 813.011. On appeal, in four assignments of error, defendant claims that the trial court plainly erred by (1) failing to exclude evidence that defendant refused a breath test, (2) providing a breath-test-refusal jury instruction, (3) providing a jury instruction allowing nonunanimous verdicts, and (4) entering a conviction for felony DUII based on prior convictions from the states of Washington and Minnesota. We reject without written discussion the first and second assignments of error.[1]

In the third assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. After the United States Supreme Court ruled, in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous jury verdicts for serious offenses were unconstitutional, the Oregon Supreme Court explained that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). When, as here, the jury's verdict was unanimous despite the nonunanimous instruction, that erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020); *see also State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020) (declining to exercise discretion to review as plain error an unpreserved nonunanimous instruction when the verdict was unanimous). Therefore, we reject defendant's third assignment of error.

Finally, in defendant's fourth assignment, he argues that the trial court plainly erred by entering a felony DUII conviction based on prior DUII convictions in other states, which enhanced the offence from a misdemeanor to a felony. He argues that the Washington and Minnesota

---

[1] Defendant also has filed a *pro se* supplemental brief in which he makes no assignments of error. We reject the arguments in that brief without discussion as well.

statutes under which he was convicted were not "statutory counterparts" to ORS 813.010. While this appeal was pending, the Oregon Supreme Court, in *State v. Guzman/Heckler*, 366 Or 18, 455 P3d 485 (2019), provided additional contour to the "statutory counterpart" analysis required under ORS 813.010 and ORS 813.011.[2] With this additional contour, it is not "obvious" or "not reasonably in dispute" that either the Washington DUII or Minnesota DUII statutes are not the statutory counterparts of ORS 813.010. Defendant's unpreserved fourth assignment of error is, therefore, not plain error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991).

Affirmed.

---

[2] In *Guzman/Heckler*, the Oregon Supreme Court analyzed both Kansas and Colorado DUII statutes to determine if they were statutory counterparts to ORS 813.010. It held that, because the Kansas DUII statute included conduct that is treated as less culpable in Oregon, the Kansas statute was not the counterpart of Oregon's. 366 Or at 43-44. The specific Colorado statute was determined not to be the statutory counterpart to ORS 813.010 because it criminalized driving while even "imperceptibly intoxicated," which falls below the "perceptible degree" of intoxication threshold for ORS 813.010. *Id.* at 46-47.