Submitted November 24, 2020, affirmed April 7, petition for review denied August 26, 2021 (368 Or 514)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHILLIP MARK GREGG,
*Defendant-Appellant.*

Douglas County Circuit Court
18CR67108; A170770

484 P3d 1120

A jury found defendant guilty of rape in the first degree, ORS 163.375. Although the jury had been instructed that it could reach a guilty verdict by a 10 to 2 vote, defendant did not object to that instruction and, in any event, the jury returned a unanimous verdict, confirmed by jury poll. Defendant appeals his conviction, arguing that the trial court erred by (1) denying his motion for a mistrial and (2) instructing the jury that it could return a nonunanimous jury verdict. As to his second assignment of error, he argues that the nonunanimous jury instruction constitutes a structural error, which categorically requires reversal. In the alternative, he argues that, on the record in this case, the instruction was not harmless beyond a reasonable doubt. He also concedes that the issue is unpreserved but that the Court of Appeals should exercise its discretion to review the instruction for plain error. *Held*: Defendant's first assignment of error was rejected without discussion. Regarding defendant's second assignment of error, the Court of Appeals concluded that (1) the trial court erred when it instructed the jury that it could return a nonunanimous guilty verdict, *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020); (2) the error was neither structural nor preserved; (3) the error was plain; but (4) it was nevertheless harmless, as demonstrated by the jury poll.

Affirmed.

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dashiell L. Farewell, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

A jury found defendant guilty of rape in the first degree, ORS 163.375. Although the jury had been instructed that it could reach a guilty verdict by a 10 to 2 vote, defendant did not object to that instruction and, in any event, the jury returned a unanimous verdict, confirmed by jury poll. Defendant appeals, raising two assignments of error. We reject defendant's first assignment, directed to the trial court's denial of his motion for mistrial, without discussion. Defendant's second assignment of error is directed to the court's instruction to the jury that it could reach a guilty verdict by nonunanimous vote. We conclude that (1) the court erred when it instructed the jury that it could return a nonunanimous guilty verdict, *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020); (2) the error was neither structural nor preserved; (3) the error was plain; but (4) it was nevertheless harmless, as demonstrated by the jury poll. We, therefore, affirm.

Defendant advances two arguments regarding the nonunanimous jury instruction. First, he argues that instructing the jury that it could return a nonunanimous verdict constitutes structural error, which categorically requires reversal. Second, he contends that, even if the instruction does not constitute structural error, it was not harmless, because we cannot say with certainty that "the 10-2 instruction did not affect the deliberations and verdict in a significant way." In addition, defendant concedes that the issue is unpreserved but argues that we should exercise our discretion to review the instruction for plain error.

The Oregon Supreme Court's *Flores Ramos* decision addresses defendant's arguments for the most part. The court concluded that instructing a jury that it could reach a nonunanimous verdict is not structural error that requires reversal in every case. 367 Or at 319. The court also held that, where the jury poll indicates that the verdict was unanimous, the instructional error is harmless beyond reasonable doubt. *Id.* at 320. The court rejected the argument that the jury poll could not reliably show that the error did not affect the verdict. *Id.* at 324.

Defendant's argument in the case before us differs somewhat from the arguments rejected in *Flores Ramos* with respect to how the offending jury instruction may have affected the jury's deliberation. Here, the judge confirmed that the jury verdict was 12 to 0. Then, after polling the jury, the trial court discharged the jury and then made this statement for counsel and the parties to clarify that the final verdict was unanimous even if there was some vacillation on the part of one juror during deliberations:

> "So I will just let the parties know, because I didn't want to, I just wanted to hear it very clear from the jurors and their mouths, rather than trying to triangulate about it. But I think the foreperson was concerned that somebody was changing their mind. And not that it was changing the verdict because it was still going to be an 11 to 1 verdict which is why I orally polled them in this case. So if you have any questions, you can certainly direct them to me or my Clerk but that's all that I have at this point."

Based on that comment, defendant contends that "there was some discussion of whether a juror had changed her mind, indicating some amount of struggle to reach a verdict and possibly a juror's abandonment of a not-guilty vote in the face of its futility."

Our plain error review involves a two-part inquiry. First, we must determine whether the unpreserved assignment of error qualifies as plain error. In order for an error to be plain, "it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Second, if all of those requirements are satisfied, we then must determine whether to exercise our discretion "to consider or not to consider the error." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Our decision to exercise discretion "should be made with utmost caution," considering that "[s]uch action is contrary to the strong policies requiring preservation and raising of error." *Id.* In making that decision, we consider the following non-exhaustive list of factors:

"[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Id.* at 382 n 6.

We agree with, and accept, the state's concession that the trial court plainly erred when it gave the nonunanimous jury instruction. That instruction was an error of law because it violated defendant's rights under the Sixth Amendment to the United States Constitution. *Flores Ramos*, 367 Or at 294. Because the instructional error is apparent on the record and not in reasonable dispute, we conclude that it is plain error and turn to the question of whether we should exercise discretion to review that error.

In two recent cases, the Oregon Supreme Court considered whether to exercise its discretion to correct the trial court's error in giving a nonunanimous verdict instruction where the defendant did not object to the instruction, and thus failed to preserve the issue. In *State v. Chorney-Phillips*, as here, a poll of the jury revealed that the verdict was unanimous. 367 Or 355, 357, 478 P3d 504 (2020). On appeal, the defendant argued that his conviction required reversal because, *inter alia*, the polling was insufficient to establish that the instructional error was harmless beyond a reasonable doubt. *Id.* at 357-58. The court declined to exercise its discretion to correct that error. *Id.* at 359. It explained that, because the defendant told the trial court that he was satisfied with the poll, "neither the state nor the trial court was alerted to the possible need to further develop the record, and 'an important purpose of the preservation requirement was not served[.]'" *Id.* (quoting *State v. Dilallo*, 367 Or 340, 347, 478 P3d 509 (2020) (brackets in *Chorney-Phillips*)). Similarly, in *Dilallo*, the court declined to exercise its discretion to correct the unpreserved instructional error where the jury was not polled. 367 Or at 349. The court explained that, as a result of the defendant's failure to object, the state was not put on notice of the need

to request a jury poll and to further develop the record. *Id.* at 347.

Here, we decline to exercise our discretion to review the trial court's instructional error. First, our consideration of the "gravity of the error" weighs against defendant. The jury poll revealed that the verdict was unanimous, which suggests that the error was not "grave." *Cf. State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020) (determining that the instructional error was "grave" given the fact that the jury's verdict was nonunanimous). Second, as mentioned in *Dilallo*, one of the purposes of the preservation requirement is to ensure that opposing parties are put on notice of the need to further develop the record. 367 Or at 347. But that is not what happened here. And because the error was not "grave," we decline to exercise our discretion to review defendant's unpreserved assignment of error.

Affirmed.