Submitted September 9, 2020, affirmed July 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
KANDYCE ARLENE CERVANTES,
*Defendant-Appellant.*

Coos County Circuit Court
18CR53840; A170214

493 P3d 1106

After being trespassed from the property of a coffee stand located in a parking lot, defendant returned to the property and parked within 25 feet of the stand. At her trial for second-degree criminal trespass, ORS 164.245, tried as a violation rather than a misdemeanor, defendant argued that the state's evidence was insufficient to prove that she was notified that she was not allowed to be in the parking lot near the coffee stand. The trial court found her guilty. On appeal, defendant assigns error to that judgment, arguing that the state was required to prove that defendant had been directed with clarity as to the contours of the premises that she was excluded from entering. *Held*: The trial court did not err. ORS 164.245 did not require that defendant be supplied with a more specific description of the property from which she was trespassed in order to support a conviction for trespass.

Affirmed.

Brett A. Pruess, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Defendant appeals a general judgment finding her guilty of one count of second-degree criminal trespass, ORS 164.245, as a Class A violation pursuant to ORS 161.566(1). The issue is the sufficiency of the evidence to support the finding of guilt and, as we understand it, specifically the sufficiency of the evidence to support the finding that defendant had been "lawfully directed" not to enter the property on which she trespassed.[1] We affirm.

Because the trial court found defendant guilty, we state the facts underlying the finding of guilt in the light most favorable to the state. *State v. Mead*, 310 Or App 57, 58, 484 P3d 366 (2021).

Defendant was charged with trespassing onto the property of a coffee stand on Ocean Boulevard in Coos Bay. Jeffers operates the coffee stand in the corner of the API Paints parking lot. She leases the corner from API Paints. The coffee stand structure, which is about 200 square feet, occupies a portion of the land that Jeffers leases.

After a conflict arose between Jeffers and defendant, and defendant kept showing up at the coffee stand, Jeffers asked that police trespass defendant from her coffee stand property. Officer Gaither, of the City of North Bend police department, delivered the news of the exclusion to defendant, telling her that she had been trespassed from the Ocean Boulevard coffee stand property and that "she couldn't go back onto the property until she was invited back or given a letter by the owners of the property." Apart from telling defendant that she was not permitted to enter the coffee stand property, Gaither did not further describe the property.

Notwithstanding the trespass order, defendant returned to the coffee stand property, pulling into the

---

[1] A violation is tried to the court. In a bench trial, an argument to the court at the close of the evidence that the evidence is not sufficient is the functional equivalent of a motion for judgment of acquittal, and we treat it as such. *State v. Gonzalez-Valenzuela*, 358 Or 451, 454, 365 P3d 116 (2015) (agreeing "with the long-standing case law from the Court of Appeals that, under the circumstances, defendant's closing argument was the equivalent of a motion for judgment of acquittal and, therefore, preserved the issue that defendant presents").

parking lot and parking within 20 to 25 feet of the stand. In so doing, defendant entered the portion of the parking lot leased by Jeffers for her coffee stand. Jeffers saw defendant and, in her words, "told her exactly what I was going to do about the situation," which was to contact police. Officer Wetmore of the City of Coos Bay police department responded to Jeffers's complaint and, upon locating defendant, cited her for second-degree trespass. At the time, defendant admitted both that she had been on the property, and that she was aware of the trespass order, but had thought that it meant only that she could not go into the coffee stand.

As allowed by ORS 161.566(1), the state elected to treat the second-degree trespass as a Class A violation, a choice that meant the state did not need to prove a culpable mental state, ORS 161.105(1)(a). The case was tried to the court. At the close of the state's case, defendant argued that the state's "evidence is insufficient to prove that there was a Criminal Trespass that excluded her from the parking lot that she was notified of." The trial court rejected that argument and found defendant guilty. It explained:

> "And I am going to find the Defendant guilty of the Criminal Trespass based largely on the fact that she was trespassed from the property and that's how she was notified of it and she returned to said property. And by her own admission, she was on that property."

Defendant appealed. On appeal, she assigns error to the trial court's finding of guilt and its entry of judgment on that finding of guilt. She contends that the state failed to prove that she "enter[ed] or remain[ed] unlawfully" on the coffee stand property for purposes of ORS 164.245(1) because, in her view, the state was required to prove that defendant had been directed with clarity as to the contours of the premises that she was excluded from entering. In particular, defendant notes that the state's theory that she "enter[ed] or remain[ed] unlawfully" for purposes of ORS 164.245 was that she "enter[ed] premises that are open to the public after being lawfully directed not to enter the premises." ORS 164.205(3)(c). She asserts that, to prove that she was "directed" not to enter the premises, the state had to prove that the "direction or notice" was "specific enough to inform [her] of the location *** she is excluded

from." Applying that standard, defendant contends that the evidence would not support a finding that she had been directed—with adequate specificity—that she had been excluded from the portion of the premises in the parking lot 20 to 25 feet from the coffee stand.

The state responds that ORS 164.245 does not contain the clarity requirement for which defendant advocates. Observing that defendant's arguments suggest that the state was required to prove that she knew that the portion of the property on which she entered was part of the coffee stand's property, the state notes additionally that, because it treated the charge as a violation, it was not required to prove that defendant had a culpable mental state when she entered the property from which she had been excluded. ORS 161.105(1)(a).

We agree with the state that the evidence is sufficient to support the finding that defendant trespassed on the coffee stand property. To prove that defendant committed second-degree trespass, the state had to prove that she "enter[ed] or remain[ed] unlawfully *** in or upon premises." ORS 164.245. As relevant here, "enter or remain unlawfully" means "[t]o enter premises that are open to the public after being lawfully directed not to enter the premises." ORS 164.205(3)(c). "Premises" means "any building and any real property, whether privately or publicly owned." ORS 164.205(6).

Here, the state proved that (1) Jeffers, the operator of the Ocean Boulevard coffee stand and lessee of the property on which it stood, trespassed defendant from her property; (2) Gaither told defendant that she was trespassed from the coffee stand "property"; and (3) defendant, so notified, entered onto the coffee stand property. That is all that is required by the terms of the statute. Contrary to defendant's arguments, nothing in them suggests that the legislature intended that a directive excluding someone from particular premises contain greater detail than that supplied here. In particular, nothing in the text or the context indicates the legislature intended that to "direct" a person to leave a specific, privately owned premises open to the public, a person must convey something along the lines of

a metes-and-bounds description of the property, or clarify further that an exclusion from the "property" means exclusion from the entire property, not just the buildings or some other smaller portion of the entire property. A directive to leave a particular business premises puts a person on notice that they may not enter onto any portion of the business property at all and, more to the point, puts the person on notice of the need to determine the boundaries of the property if those boundaries are unclear.

Finally, to the extent that defendant's arguments suggest that the state was required to prove that she knowingly entered the coffee stand property and that, in this case, the state failed to prove that mental state, that argument is foreclosed by the state's election to try the case as a violation, which eliminated the state's obligation to prove a particular culpable mental state under these circumstances. ORS 161.105(1)(a).

Affirmed.