650 May 21, 2025 No. 453

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CHARLES DOUGLAS ROY,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV43895; A180769

Patricia A. Sullivan, Senior Judge.

Submitted December 20, 2024.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Affirmed.

_____
* Lagesen, Chief Judge *vice* Mooney, Senior Judge

**HELLMAN, J.**

Petitioner appeals a judgment that denied his petition for post-conviction relief. He raises four assignments of error. For the following reasons, we affirm.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.*

Petitioner and Morgan were charged with numerous offenses—including robbery, burglary, and assault—based on allegations that they entered the victim's apartment, took his belongings, and sprayed him with pepper spray. The cases were joined for trial and petitioner and Morgan agreed to pursue a joint defense theory of self-defense. Based on his counsel's advice, petitioner decided that he would not testify at trial and that he would rely on Morgan's testimony instead.

In his opening statement, Morgan's attorney unexpectedly abandoned the joint defense theory and argued that Morgan was innocent and that petitioner alone had assaulted the victim. Petitioner's counsel reserved opening statement and did not respond until the next day, when he made a motion to sever the cases and for a set over. Petitioner's counsel explained that he had understood that "the co-defense would be somewhat unified in their defense as regards to this being a self-defense case," that Morgan's counsel's opening statement "indicate[d] *** his client's testimony will inculpate [petitioner]," and that Morgan's theory "was unexpected by [petitioner] and myself." The trial court denied the motion because the trial had already started. Petitioner did not testify at trial; Morgan testified that he had brought petitioner to the victim's apartment "so [the victim] wouldn't kick [his] ass" and that petitioner had sprayed the victim with pepper spray. The jury convicted petitioner and Morgan. We affirmed petitioner's conviction and sentence, and the Supreme Court denied review. *State v. Roy*, 309 Or App 768, 482 P3d 810, *rev den* 368 Or 514 (2021).

Thereafter, petitioner pursued post-conviction relief, challenging counsel's representation at trial. The

post-conviction court denied relief on all claims. This appeal followed.

Petitioner's first three assignments of error challenge the trial court's denial of his claims of inadequate and ineffective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. A petitioner claiming inadequate assistance of counsel under Article I, section 11, has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude." (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

*Testifying at trial*. In his first assignment of error, petitioner argues that the post-conviction court erred when it denied his claim that counsel was inadequate and ineffective for "advis[ing] Petitioner to pursue the affirmative defense of self-defense while also advising Petitioner not to testify on his own behalf."

We evaluate counsel's decisions "from counsel's perspective at the time of the alleged error and in light of all the circumstances" and "without the distorting effects of hindsight." *Id.* at 8, 24 (internal quotation marks omitted).

Here, petitioner faults the advice that counsel gave during trial preparation and prior to Morgan's opening statement. In his petition, petitioner argued that "trial counsel's advice was based on the uninformed and unreasonable

assumption that [Morgan] would present a unified defense to exonerate both defendants." On appeal, petitioner contends that "trial counsel was obligated to have a backup plan" in case the "joint defense agreement fell through." But petitioner cites no case, and we have found none, in which we have held that an attorney who developed a reasonable defense strategy was required to nonetheless fully prepare a "backup plan" for that strategy in order to meet constitutional standards.

Moreover, petitioner failed to demonstrate prejudice. Petitioner's "backup plan" appears to be that he would have testified at trial. Specifically, in a declaration, he argued that if he had "been asked in front of the jury what [his] motivation had been," he "could have presented the jury with a better, more sympathetic, and more accurate version of events, placed in proper context, and achieved a better result at trial." However, he did not establish how that plan would have tended to affect the outcome of the case. On appeal, petitioner argues that the case was a credibility contest and that the jury "may have been more inclined to believe he acted in self-defense" if they had heard him testify about "his state of mind" at the start of the events, "what he knew" about the victim, and his "version of the fight that eventually took place." As the post-conviction court found, even though "[p]etitioner argue[d] if he had testified it would have humanized him for the jury, which might explain why he did what he did," that testimony "is not a defense." Moreover, as the superintendent points out, Morgan's testimony supported petitioner's self-defense theory, despite what Morgan's attorney had argued in his opening statement. Prejudice requires that petitioner demonstrate more than a "mere possibility" of a different outcome, but he has not done so here. *Richardson v. Belleque*, 362 Or 236, 263-64, 406 P3d 1074 (2017) (emphasis and internal quotation marks omitted). The post-conviction court did not err in denying relief on petitioner's claim.

*Motion to sever.* In his second assignment of error, petitioner argues that the post-conviction court erred when it denied his claim that counsel was inadequate and

ineffective for failing to "adequately prepare and argue a Motion to Sever."

As the post-conviction court found, counsel did file a motion to sever "as soon as he knew what [Morgan] was going to do at trial" and that "[p]rior to that, it was a reasonable trial strategy to present a self-defense argument through [Morgan]." Petitioner had no pretrial basis to sever the trials because his defense depended on Morgan's testimony to establish that they both acted in self-defense. Moreover, as the post-conviction court found, counsel's failure to sever the trials did not prejudice petitioner because, at a separate trial, Morgan "would have appeared and testified as he did at Trial, or not testified at all, leaving Petitioner in the same boat he found himself at the Trial, with no one to testify he acted in self-defense." The post-conviction court did not err in denying relief on petitioner's claim.

*Trial preparation.* In his third assignment of error, petitioner argues that the post-conviction court erred when it denied his claim that counsel was inadequate and ineffective for failing to "adequately prepare for trial." The post-conviction court found that counsel "did prepare for trial and had a reasonable trial strategy." That factual finding is supported by the record. And as we stated above, petitioner has not cited any cases that require counsel to fully prepare a "backup plan" if a codefendant "[does] not testify as [counsel] expected." Moreover, the post-conviction court determined that petitioner did not identify any specific "strategy or actions Trial Counsel should have pursued"—apart from calling petitioner to testify—and the record supports its finding that counsel "only had so much to work with." But petitioner does not dispute that counsel advised him not to testify because of his criminal record and the credibility concerns, and that those issues existed after Morgan's attorney abandoned the joint defense. And even though petitioner asserts that his testimony would have explained "his version of events and his state of mind," that testimony would not have provided a defense to the charges. The post-conviction court did not err in denying relief on petitioner's claim.

*Cumulative error.* "In his fourth assignment of error, petitioner contends that the post-conviction court

erred in denying his claim alleging cumulative error. The post-conviction court properly rejected that claim because Oregon courts have not recognized a cumulative error theory of relief." *Vega-Arrieta v. Blewett*, 331 Or App 461, 428, 545 P3d 746, *rev den*, 372 Or 763 (2024).

Affirmed.