Submitted August 7, reversed October 14, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRAVIS GARY KELLY,
*Defendant-Appellant.*

Lane County Circuit Court
18CR62763; A170237

475 P3d 126

Charles M. Zennaché, Judge.

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Defendant appeals the judgment convicting him of two counts of first-degree failure to appear, ORS 162.205. In separate cases, defendant was criminally charged, and defendant signed two supervised release agreements, both of which instructed defendant to "appear" in court on certain dates. Defendant did not personally appear in court on those dates, although his attorney appeared on defendant's behalf on both occasions. Defendant was charged with two counts of first-degree failure to appear, a trial was held, and, after the state presented its case, defendant made a motion for a judgment of acquittal (MJOA) on the basis that the release agreements did not state that defendant was required to *personally* appear. The court disagreed with defendant's argument and denied the MJOA. On appeal, defendant asserts that the trial court erred in denying the MJOA. After defendant's trial, we decided *State v. Lobue*, 300 Or App 340, 347, 453 P3d 929 (2019), and held that, as a matter of law, a defendant's failure to personally appear is not sufficient to prove the offense of failure to appear unless the defendant's release agreement unambiguously requires the defendant's personal appearance. The state concedes that, because defendant's release agreement was substantively indistinguishable from the *Lobue* release agreement, and because defendant's attorney appeared at the hearings at issue in this case, the trial court erred. We agree and accept the state's concession. We therefore reverse defendant's first-degree failure-to-appear convictions.

Reversed.