Submitted October 20, 2020; in Case No. 18CR74486, reversed; in Case No. 18CR59415, affirmed March 31; petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK MANNING WIGGINTON,
*Defendant-Appellant.*

Lane County Circuit Court
18CR59415, 18CR74486;
A170015 (Control), A170016

484 P3d 1103

Charles D. Carlson, Judge. (Judgment in Case No. 18CR59415)

Debra E. Velure, Judge. (Judgment in Case No. 18CR74486)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

In Case No. 18CR74486, reversed. In Case No. 18CR59415, affirmed.

## PER CURIAM

In this consolidated appeal, defendant contests convictions for first-degree theft and first-degree failure to appear. Defendant claims the trial court erred by (1) denying the motion for judgment of acquittal in the failure-to-appear case, (2) imposing a probation sentence in the failure-to-appear case, and (3 and 4) instructing the jury that it could return nonunanimous verdicts in both the theft and the failure-to-appear cases. Because we conclude that the trial court erred by denying the motion for judgment of acquittal for failure to appear, we reverse the judgment in that case, and do not reach the other assignments of error related to that case.[1] We affirm the conviction for first-degree theft.

In the first assignment, defendant argues that the trial court erred by denying his motion for judgment of acquittal for first-degree failure to appear. While defendant does not dispute that he did not personally appear in several pending cases, he argues that, under the terms of the release agreements, he was not required to, but instead could appear through counsel. The state concedes that the relevant release agreements did not require defendant's personal appearance and that the court should have granted the motion for judgment of acquittal. As we have explained in *State v. Kelly*, 307 Or App 268, 269, 475 P3d 126 (2020), and *State v. Lobue*, 300 Or App 340, 347, 453 P3d 929 (2019), because the relevant release agreements did not unambiguously require defendant's personal appearance, his appearance through counsel was sufficient to meet the statutory appearance requirement. *See* ORS 162.205(1). Therefore, we accept the state's concession and reverse the conviction.

In the fourth assignment, defendant asserts that instructing the jury that it could return a nonunanimous verdict in the first-degree theft case constituted a structural error requiring reversal. After the United States Supreme Court ruled against nonunanimous jury verdicts for serious

---

[1] We note that, for the reasons explained in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), because the jury returned a guilty verdict with only 11 guilty votes for failure to appear, we would have needed to reverse and remand. However, because defendant should have been granted his motion for judgment of acquittal, we resolve the appeal on that basis as it provides defendant with more substantial relief.

offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court held that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). When, as here, the jury returns a unanimous verdict despite the nonunanimous instruction, such erroneous instruction is "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020).

In Case No. 18CR74486, reversed. In Case No. 18CR59415, affirmed.